## NATHANIEL MONTROSS and another *v.* GEORGE HILLMAN and another.

An exception that the petition contains contradictory allegations, and that plaintiffs cannot proceed without selecting the ground of their action, relates to the substance, not to the form of the action, and may be pleaded at any time before judgment. C. C. 344, 345.

A plaintiff may set forth in his petition different grounds upon which he expects to recover, provided he do not make demands one of which necessarily excludes the other. C. P. 149.

Where, in case of a judgment against defendants, one offered as a witness will be liable to the latter for the debt and costs, but, in case of a judgment in their favor, will be bound for the debt alone, he is incompetent. An interest in the costs renders a witness incompetent.

Where the evidence induces the belief, that the goods, for the price of which defendants are sued, were sold on their credit, they will be bound therefor, though there be no proof of an express guarantee on their part.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Emerson*, for the plaintiffs. The exception related to matters of form, and was inadmissible. Code of Pract. art. 344. *Rawle* v. *Skipwith*, 8 Mart. N. S. 410. The witness, Hillman, being interested in the costs, was incompetent. *Lessassier* v. *Hertzel*, 8 Mart. N. S. 265. 3 Starkie on Evid. p. 752. Greenleaf on Evid. p. 435, and *notes*. The retaining of the drafts by the defendants must be treated as an acceptance. Bayley on Bills, ed. 1830, ch. 6, sec. 1, pp. 191—194, and authorities there cited. Story on Bills, 272.

*Larue*, for the appellants.

MORPHY, J. The defendants are sued for $704, on the allegation that, at their special instance and request, the plaintiffs did sell and deliver to them certain goods and merchandise, for the house of Hillman & Drew, and for Hercules Hillman, at Lake Providence, in the parish of Carroll; and on the further allegation that the defendants, at the time of making these purchases, did represent the said Hillman & Drew, and Hercules Hillman to be good and solvent, and guarantied the payment of the price of said goods to the plaintiffs, and that, on previous occasions, they had accepted and paid drafts drawn on them by said Hillman & Drew, and H. Hillman, for goods purchased by Hillman

& Shea, under similar circumstances. The plaintiffs had a judgment below, from which the defendants have appealed.

During the trial, and after some testimony had been taken, the defendants tendered a peremptory exception to the petition, alleging that it contained contradictory matters, and that the plaintiffs could not proceed unless they selected the ground of their action. The judge refused leave to file this exception, on the ground that it came too late, and should have been pleaded *in limine litis*. We conceive that an exception of this kind, when well taken, relates not to form but to substance, and can be set up at any stage of the suit, before judgment; but we do not find cumulated in the plaintiffs' petition any inconsistent demands, within the sense and meaning of article 149 of the Code of Practice; nor do we think the counts or allegations in in it absolutely inconsistent; but even if they were so, the petition contains but one demand, which is for the price of certain goods sold sold by the plaintiffs. Nothing prevents a party from setting forth different grounds upon which he expects to recover, provided he does not make two demands, one of which necessarily excludes the other. Code of Pract., arts. 149, 344, 345. 4 La. 360.

Our attention has been drawn to a bill of exceptions taken to the examination of Hercules Hillman as a witness, on the score of interest. Under the pleadings and evidence in the case, the defendants stood in the relation of a surety or guarantee to this witness. He was, in our opinion, incompetent to testify in the case, because he was interested in defeating the action. In the event of a judgment against the defendants, he would be liable over to them for the debt *and costs*, while he could pay the debt, *without costs*, if there was a judgment in their favor. An interest in the costs is sufficient to render a witness incompetent. 1 Phillipps on Evidence, p. 48. 3 Starkie, p. 752. 8 Mart. N. S. 265.

On the merits, the testimony of the plaintiffs' clerk shows, in substance, that the goods mentioned in the account sued on were ordered by the defendants, to whom they were sold for account of Hillman & Drew and Hercules Hillman; that, at the

defendants' request, the goods were packed and shipped to the latter at Lake Providence, and that the items and prices set forth in the account are correct. George Hillman, one of the defendants, and the brother of Hercules Hillman, called at the plaintiffs' store, in November, 1841, and said he wanted to purchase goods for Hercules Hillman, and had brought two persons with him to select them. Nothing was said about the manner in which the goods were to be paid for, at the time they were ordered. Plaintiffs had previously sold goods to Hillman & Drew. The course of business between the parties, in 1840 and 1841, had been, for the plaintiffs to sell goods to Hillman & Drew, for which they gave their drafts on the defendants, who accepted and paid them. In the previous transactions, H. Hillman being here, had purchased himself, and given his drafts on the defendants. The witness charged the goods on the books to Hillman & Shea, for H. Hillman, and enclosed to the latter a draft for their amount, to be signed by him and sent back. H. Hillman wrote to the plaintiffs that among the goods sent to him, there were some which he would not be able to sell, and which he returned, enclosing at the same time a draft on the defendants for $689 35, which draft was left with the defendants for acceptance. The plaintiffs sent the witness, their clerk, three times, to get the draft back, but it has never been returned. The last time he called on the drawees for the draft, the witness saw Shea, one of the defendants, who said that his partner, George Hillman, would bring it round. The witness adds, that the plaintiffs were not in terms directed by George Hillman to send up a draft on the defendants, to be signed by his brother, but that was what he understood was to be done from the former transactions between the parties. Wm. Stewart testifies, that he heard a conversation between Montross and George Hillman, in November, 1841, about some goods which were to be shipped to H. Hillman, at Lake Providence. Montross objected to the goods being sent, on account of some reports he had heard in New York about the firm of Hillman & Shea. These reports were in relation to some paper of the firm, which had been suffered to lie over in that city. We find in the record the letter written to the plaintiffs by H. Hillman, when he sent

back a portion of the goods. He mentions that he will endea-
vor to send the money to Hillman & Shea by the earliest oppor-
tunity, and he encloses his draft on them, in favor of the
plaintiffs, for the amount, within a few dollars, of the account
sued on.

Although no proof has been adduced of an express guarantee
on the part of the defendants, the evidence impresses us with
the belief that the goods, the price of which is claimed, were
sold on their credit. This appears to have been the understand-
ing of all the parties, from the course of dealing previously
existing between them. If a different course was intended by
the defendants, when the last purchase was made, in November,
1841, they should have signified such intention. Their silence
in that respect, when they ordered the goods, induced the belief
on the part of the sellers, that the same mode of settlement
would be followed as on former occasions. The goods were
accordingly charged to them on the books, and a draft was sent
up to be signed, as usual, by H. Hillman. Some of the goods
having been returned as unfit for his market, he enclosed to the
plaintiffs another draft of a smaller amount on the defendants,
thus showing his understanding of the matter, and his expecta-
tion that they would pay; and, in his letter to the plaintiffs, he
speaks of soon sending money, not to them, but to Hillman &
Shea, on whom he had drawn. When this draft is presented
to the defendants they do not make any objection or refuse to
accept, but keep it in their possession, and after having been
several times called upon, they finally answer that it will soon
be returned, and continue to keep it to this day. This answer,
and their retention of the draft, might well, under the circum-
stances, be treated as an acceptance. Such conduct at least
shows that they considered themselves bound to accept this
draft, which was given for goods which they had themselves
ordered and caused to be sent to the drawer, and which they
well knew were sold on their credit. The circumstance that,
at one time the plaintiffs objected to the goods being sent up,
although packed, on account of some rumors they had heard
about the solvency of the defendants, conclusively shows that
the credit was given to them, and that it was to them that the

plaintiffs looked for payment. If such was not the understanding of both parties, the plaintiffs would not surely have made any such objection, and stated to George Hillman their reasons for making it. From the whole evidence, we are satisfied of the correctness of the conclusion at which the judge below arrived.

*Judgment affirmed.*