### FELICITE NEDA *v.* E. SIMON.

The maker of a promissory note is not a competent witness for his surety in an action by the holder vs. the surety. His eventual liability to the surety for costs of suit, if plaintiff succeeds, is sufficient to exclude his testimony. 11 Rob. 88; 8 N. S. 266; 3d Starkie on Evidence 752.

The service of citation on the maker of a note, before prescription has been acquired, will interrupt prescription as to the surety who has bound himself *in solido*.

APPEAL from the District Court for the Parish of St. Martin, *Dupre*, J. *J. G. Olivier*, for plaintiff.

*Alex. DeBlanc*, for defendant and appellant, on the question as to the competency of the maker, as a witness, cited: *Cox* v. *Williams*, 5 N. S. 142. *Waters* v. *Petrovic, &c.*, 5 L. 589. *Johnson* v. *Marshall*, 4 Rob. 157; 7 Rob. 244; ib. 360; 5 Ann. 183. As to the admissibility of parol testimony, to show that the defendant who had expressly bound himself *in solido*, was merely a surety, defendant's counsel cited: *Robertson* v. *Nott*, 2 N. S. 124; 3 N. S. 268; *Dwight* v. *Linton*, 3 Rob. 57; 3 Ann. 235; 4 Ann. 540.

SPOFFORD, J. The defendant is sued upon a promissory note of the following tenor:

"$2000.                                    NOUVELLE-ORLEANS, le 29 mai, 1839.

"Dans un an de cette date, nous payerons solidairement, l'un pour l'autre, à Mr. *Hypolite Chrétien*, la somme de deux mille piastres, valeur reçue, avec les intérêts de dix pour cent. l'an, à dater de ce jour jusqu'à parfait paiement.

[Signé]                                    P. LEBESQUE,
                                           ED. SIMON."

The defendant pleads that, notwithstanding the form of the instrument, he was really but a surety for *Lebesque*, and that he has been discharged by the prolongation of the term of payment to his principal by the holder of the note, without his assent.

He further pleads the prescription of five and ten years.

Upon the trial of the cause he offered his co-obligor, *Lebesque*, as a witness, to

prove the allegations of his answer; the Judge of the lower Court, on the objection of the plaintiff, that the witness was incompetent to testify to the facts set up in the answer, rejected his deposition, and, there being no other evidence offered by the defendant, judgment was rendered against him, from which he has appealed.

Conceding that the real character of the defendant's obligation could be shown by parol, on the ground that his being a surety bound *in solido*, for the debt, was a collateral fact, and not inconsistent with the written instrument; conceding also, that the Act of 27th March, 1823, relative to the competency of makers of notes, as witnesses, has been repealed by the Art. 3521 of the Civil Code ; still, there remains to the competency of the witness to prove that the defendant was really his surety, and had been discharged, the objection which arises from his interest in the costs. If the defendant is his surety, the witness will be liable for the costs of this suit, should it be decided in favor of the plaintiffs. If the defence sought to be sustained by his testimony prevails, he will not be so liable. It has been held by our predecessors that such an interest will suffice to exclude a witness, in a case parallel to this. See *Montross* v. *Hillman*, 11 Rob. 88. See also *Lesassier* v. *Hertzel*, 8 N. S. 266; 3 Starkie's Evidence, 752.

We may add that the deposition, if admitted, would seem to establish only a forbearance to sue, and not a prolongation of the term.

The allegations of the defendant's answer are sufficient to repel his plea of prescription. He avers that his solidary co-debtor, *Lebesque*, paid interest annually up to the 29th May, 1847, on the note, which matured on the 29th May, 1840. On the 7th April, 1849, judgment was rendered for the debt against *Lebesque*, in the District Court of St. Martin. This has been followed up by several executions, and the moneys made thereunder have been duly credited in the judgment against the present defendant. He acknowledged service of the petition in this case on the 5th March, 1853.

The acknowledgment of the debt by one solidary co-debtor, or a citation served upon him, interrupts prescription as to all the others. C. C. 3517, (French text.)

It is, therefore, ordered that the judgment of the District Court be affirmed, with costs.