### No. 1113.

### EMILY FILHIOL vs. R. G. COBB.

It is not vicious pleading where two demands are coupled, not inconsistent nor contrary and where one does not exclude the other, as where there is an express warranty of title with stipulations that in case of eviction the vendor will return the purchase price and reimburse the cost of improvements, or will reimburse the vendee such sum as he may pay to avoid dispossession.

In such case, where there has not been an actual eviction but a purchase of the superior title, the vendee will recover the sum paid for such title to avoid dispossession.

Filhiol vs. Cobb.

A PPEAL from the Fifth District Court, Parish of Ouachita.
    *Richardson*, J.

*Talbot Stillman* for Plaintiff and Appellee.

*R. G. Cobb in pro. per.*

The opinion of the Court was delivered by

MANNING, J.   The plaintiff acquired from the defendant through a mesne conveyance a tract of land below the town of Monroe of 142 acres, from which she was evicted or was about to be evicted, when she bought a title from the party who was about to dispossess her. She prays judgment in the alternative, either that she recover the price paid by her to her vendor and the cost of improvements put by her on the land, or the sum paid by her to avoid eviction to the party who was about to dispossess her.

The defendant moved that the plaintiff be compelled to elect, and the judge refused the motion.

There is no inconsistency in the two demands.   Neither excludes the other, nor is one contrary to the other.   Cross v. Richardson, 2 Mart. N. S. 323; Montross v. Hillman, 11 Rob. 87.   The cause of action is eviction from land, the title to which was warranted, and the prayer is for payment for one or the other of the resulting consequences.

The plaintiff bought from the vendee of the defendant with subrogation to all his rights.   The defendant's deed to that vendee, after warranting against all claims, mortgages, and incumbrances whatsoever in order to secure him against eviction and against all losses and expenditures he may suffer, or find it necessary to make in order to avoid eviction by any adverse title or mortgage, specially mortgaged to him another tract of land, to secure to the vendee or his assigns the return of the purchase price and the value of the improvements existing at the time of the eviction.   Then follows a separate stipulation, if the vendee or his assigns shall be required to pay any sum to prevent being dispossessed, such sum shall be refunded to him with interest.

The plain meaning of these stipulations is, if Cobb's vendee, or any subsequent purchaser who has been subrogated to that vendee's rights, shall be evicted from the land and lose it altogether, Cobb will refund him the purchase price and the cost of improvements, but if he shall not lose the land altogether but retain it by paying a sum to avoid dispossession, then Cobb will refund that sum with interest.

Filhiol vs. Cobb.

The subsequent history of the land was, it was sold under foreclosure of the Citizens' Bank mortgage and bought by the Bank. Mrs. Filhiol was permitted to remain on the place and nothing she had was disturbed. A custodian was put on the plantation—this land of Mrs. Filhiol being a part of a large plantation once owned by Powers, and the whole plantation having been acquired by the Bank under its foreclosure—the putting the custodian there being evidently intended to denote a formal taking possession by the Bank. It is true that such an act constitutes a technical eviction of the former possessor, for actual dispossession is not essential to constitute eviction, but it is manifest the particularity of Cobb's recitals in his deed was intended to provide for both contingencies, actual eviction and impending dispossession. In the first case, the party evicted was entitled to reimbursement of his purchase price and cost of improvements, in other words to reimbursement of what he had lost. In the second, he was entitled to be refunded what he should pay to avoid dispossession, and that is the smaller sum for which judgment is prayed, and which alone can be recovered.

Mrs. Filhiol has not yet paid all of this sum, having arranged with the Bank to pay by instalments. The sum agreed on is $1420 and Cobb's stipulation was to pay eight per cent. interest. May 22, 1883 is the date from which interest runs.

A call in warranty upon F. P. Stubbs was made by the defendant which was answered. No disposition is made of it. The judgment does not affect it, and we have not considered it. The plaintiff should not be delayed, and it would seem the defendant's rights therein should be reserved, for which we shall provide.

It is therefore ordered and decreed that the judgment of the lower court is amended by inserting in lieu of the sum therein stated, fourteen hundred and twenty dollars with eight per centum per annum interest from May 22, 1883, and that the rights of the defendant against F. P. Stubbs are reserved, and as thus amended that it is affirmed, the plaintiff and appellee to pay costs of appeal.

---

ON APPLICATION FOR REHEARING.

The plaintiff calls attention to the omission to include in our decree the attorney's fees which were secured by Cobb's special mortgage, and which were fixed at ten per centum upon the amount his vendee had to pay, and must therefore be computed upon the judgment we have

rendered for the reimbursement of that amount. We shall amend accordingly.

The defendant points out that our decree does not conform to the terms of payment and rate of interest obtained by Mrs. Filhiol from the Bank. If the Bank has granted her time and a reduced rate of interest, that does not alter or affect his stipulation, which we have enforced..

The rehearing prayed by the defendant is refused, and that prayed by the plaintiff need not be granted for the purpose of amending. Proceeding to amend, it is ordered and adjudged that the former decree is amended by inserting therein that the plaintiff have and recover one hundred and forty two dollars of the defendant as attorney's fees, and as thus amended that it be and remain the judgment of this court.

Rehearing refused.