*[Margin note:]* DE L'HOMME *vs.* DE KERLEGAND — to set up a good and legal title against a claim in warranty, on account of an eviction from the same land; and that the vendor knew, at the time, that such purchase could not subserve his purpose, not being the land from which the eviction took place; under these pleadings, parole evidence will be admitted to prove the error and fraud alleged in avoidance of the contract.

---

## DE L'HOMME *vs.* DE KERLEGAND.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE DISTRICT

PRESIDING

Two inconsistent demands, such as certain specified property and a note given for the price of that property, cannot be cumulated in the same petition or action; the one excludes the other.

In such a case the defendant may refuse to plead until the plaintiff selects which one of the two demands he intends to proceed with; but omitting to do so and joining issue, does not deprive the defendant of his right to object to the cumulation of two inconsistent demands at any subsequent stage of the proceedings.

45

WESTERN DIS.
*Sept.* 1832.

DE L'HOMME
*vs.*
DE KERLEGAND

It is a general rule that objections to the form of actions must be made *in limine lites,* and are waived by a joinder in issue; but when they affect the substance or merits, they cannot be cured by this course of pleading.

But at whatever stage of the proceeding the objection is taken, the plaintiff has a right to select which demand he will pursue.

The plaintiff alleges he is the curator of Louis De l'Homme (who is absent or dead), and as such, claims of the defendant two tracts of land, a negro woman and her two children, and eighty head of horses and horned cattle; and also, three thousand dollars due by a note, and payable to Louis De l'Homme, signed by the defendant and dated June 8, 1827. The defendant alleged he purchased all the property claimed by the plaintiff from Louis De l'Homme, who conveyed it to him by an act *sous seing privé* executed in duplicate the eighth June, 1827, and proved by two witnesses before the parish judge; that this note for three thousand dollars had been paid, the debt remitted to him, and the note torn to pieces by the consent of D l'Homme and thrown away, but had been picked up and pasted together by some person unknown to him, and now sued on. He also stated that Louis De l'Homme had no legitimate or legal heirs and owed no debts; and denied the plaintiff's right to represent him as curator of an absentee, he being dead before the appointment.

The plaintiff, in amended petition, denied the validity of the act of sale set up by the defendant, and that it was obtained by fraud, no consideration having been given on the part of the defendant. The latter denied the plaintiff's right to dispute the validity of the act of sale; not being forced heirs, creditors, or for the use of either of them, proof of the alleged fraud cannot be offered.

A set of persons styling themselves heirs of Louis De l'Homme now intervened. They alleged that the act of sale made by Louis De l'Homme to the defendant, was for the benefit of Madame De Kerlegand his mother, as an indirect and disguised donation, he being a person interposed; that

the mother of defendant lived in a state of concubinage and
adultery with Louis De l'Homme, and is incapable in law to
receive a donation, &c., which made directly to the con-
cubine, or indirectly through an interposed person, is void in
law and of no effect against the donor.   They prayed to join
the plaintiff, interplead, and be put in possession of the pro-
perty; that the defendant be prohibited from setting up any
title to it under the said act or otherwise.

The defendant's counsel objected to filing the petition of
intervention, on the ground that the persons styling them-
selves as heirs and plaintiffs in intervention, had no interest
in the event of the suit, their rights could not be compro-
mitted, and that it would change the issues joined between
the original parties, &c.   The objection was overruled.

The defendant offered the act under private signature from
Louis De l'Homme to the defendant, as evidence to prove
the sale, and witnesses to prove the execution of the instru-
ment, all of which was objected to on the ground that the act
was not signed, De l'Homme having made his mark, which is
not a signature ; and that calling witnesses to prove the
making of the mark, would be receiving parole evidence of
a contract required to be in writing.   That the *marque or-
dinaire* is not a signature in contemplation of law; and an act
*sous seing privé*, signed by making the *marque ordinaire* cannot.
be received as a commencement of proof in writing.   The
objection was overruled, and excepted to by plaintiff's counsel.

The plaintiffs offered parole evidence to prove the fraud and
simulation of the sale to the defendant for the purpose of
disguising a donation to his mother who was incapable of
receiving, &c.   The defendant's counsel objected to its
admission, on the ground that the mother was no party on
record; that the vendor himself could not attack the act of
sale, and that the evidence goes to contradict a written title,
and is inconsistent with the plaintiff's own demand set up for
the amount of the note sued on.   The objections were sus-
tained and excepted to.   The defendant's counsel also ob-
jected to questions being asked by the plaintiffs of witnesses

WESTERN DIS. *Sept. 1832.*

DE L'HOMME
*vs.*
DE KERLEGAND

under cross examination, concerning the title to the property claimed, or what De l'Homme should have said about the disposition of it. The objection was sustained by the court, and the opinion excepted to.

Parole evidence was received, proving the note sued on to have been given for the price of the property claimed in the same suit; also, establishing the heirship of the intervenors, and the execution of the act of sale to defendant. It was likewise proved that defendant had paid one hundred and twenty-five dollars on the note, and that Louis De l'Homme when about quitting the country surrendered the note to defendant, when it was torn to pieces and thrown on the ground. It was not shown by whom it was picked up and preserved.

There was a verdict for the defendant that he be quieted in possession of the property and discharged from the payment of the note, but accorded twenty cents damages to the plaintiff. The plaintiffs appealed.

*Simon* and *Gayoso*, for plaintiffs:

1. The act under private signature offered by the defendant as the basis of his title to the property held by him, is invalid in law and inadmissible as proof. An act under private signature must be signed by the parties thereto. *Lou. Code*, 2238, 2240. *Code of Practice, arts.* 324–5.

2. An act which is informal as a notarial act, will be good as a private writing if it be signed by the parties. But if it be not signed, but only subscribed by the party making his *marque ordinaire*, it will not serve even as a beginning of proof in writing. *Lou. Code*, 2232. *Pothier on Ob. vol.* 2, *no.* 774.

3. The Code provides that when a man does not know how to sign, the notary causes him to affix his mark to the instrument. For how can a man formally avow or disavow his signature, if he has only made his mark, which any other man may make? *Lou. Code*, 2231, 2240. *Code of Prac.* 324, 325.

4. An act to which a party who is unable to write, has affixed his *marque ordinaire* instead of his signature, cannot

be considered an instrument of writing. *Sirey, Recusal des lois et des arrets, vol.* 7, *part* 2, *p.* 249, 670. *Ib. vol.* 8, *part* 2, *p.* 284. *Ib. vol.* 10, *part* 2, *p.* 268. *Ib. vol.* 12, *part* 2, *p.* 289. *Ib. vol.* 24. *part* 1, *p.* 245.

WESTERN DIS.
Sept. 1832.
─────────
DE L'HOMME
*vs.*
DE KERLEGAND

5. The proof of an instrument to which a party has affixed his *marque*, depends on the memory of witnesses; and, therefore, it is proving the act itself by witnesses; and this cannot be permitted when the instrument is an act of alienation of real property; it must be by written act. *Lou. Code,* 2255.

6. A concubine is incapable of receiving by donation, either *inter vivos* or *mortis causa.* The act of sale in this case is attacked as being a disguised donation to the concubine, through her son, who is by law presumed to be a person interposed. We offer evidence of these facts, which has been rejected, but which should have been admitted. *Lou. Code,* 1478. *Nap. Code,* 911. *Pand. Francaise, vol.* 8, *p.* 290–1.

*Brownson,* for defendant:

1. The mark of De l'Homme is a signature within the meaning of our code. Although the article may have been adopted from the French code, it must be interpreted in reference to our customs and manners. Our code is enacted in English as well as in French, and it cannot be said to have been the intention of those who adopted it in English to give to the expressions used, the strict and artificial meaning contended for. He cited *Bailey's Dictionary,* definition of the word "to sign." *Webster's Dictionary,* definitions of "sign," "signature," &c. 6 *Martin, N. S.* 400.

2. The plaintiffs have instituted this suit for the purpose of recovering the property claimed by them, from the son and not from the mother. The transfer to him is not a donation, but a sale. It is true he may be considered as a person interposed; but then the suit should have been brought against the mother. The son is not incapable of purchasing. It is only when the purchase is a disguise to cover a donation to the mother, that it becomes void. If such was the intention,

WESTERN DIS.
*Sept.* 1832.

DE L'HOMME
*vs.*
DE KFRLE-
GAND.

here the mother should have been sued so as to have given an opportunity to defend her rights.

PORTER, J., delivered the opinion of the court.

This action commenced by a petition filed in the name of Valcour De l'Homme, in which he styles himself curator of Louis De l'Homme, formerly of the parish of St. Martin.

In this quality, the petitioner claims from the defendant certain lands, slaves and cattle, which it is alleged he took possession of after the departure of Lewis De l'Homme, and which he refuses to give up.

He also claims payment of a note of the defendant, executed in favor of the absentee for three thousand dollars; and finally, two thousand dollars, the damages alleged to be sustained in consequence of the illegal detention of the property.

The answer sets up title to the property claimed in the defendant, by virtue of an act *sous seing privé*, deposited in the office of the parish judge of St. Martin, for safe keeping.

It admits the execution of the note set out in the petition, but alleges it was paid and surrendered by the payee to the defendant, who tore it up; and that afterwards, some person collected such of the pieces as could be found, and pasted them together, for the purpose of laying a foundation for the present suit.

It also alleges, that the debt evidenced by the notes, was after the same had been contracted, voluntarily remitted by the payee to the defendant; and, finally, it avers that Louis De l'Homme is now deceased, leaving neither legitimate ascendants nor descendants, nor debts due from his succession; that the plaintiff received his appointment after the decease of the person alleged to be absent, and is consequently without authority to represent him.

Upon this answer being filed, the plaintiff presented a supplemental petition, in which he denied the defendant had any such conveyance from Louis De l'Homme, as that relied on

WESTERN DIS.
Sept. 1832.

DE L'HOMME
vs.
DE KERLE-
GAND.

by him in his answer; and, further averred, that if any such were in his possession, it had been obtained by fraud on the part of the defendant.

To this allegation the defendant answered, denying the fraud, and averring that as this suit was not brought for the use of the forced heirs of the deceased, nor for the use of his creditors, it was not competent for the plaintiff to question the validity of the act, nor to offer proof of the several frauds by him alleged.

The cause being thus at issue, several persons, among whom was the plaintiff in this suit, prayed leave to intervene, and be made parties. In the petition, they style themselves heirs of Louis De l'Homme, whom they aver to be dead. They adopt the allegations contained in the petition as theirs, and pray for judgment in their favor on the facts therein alleged.

They further state, that if it be true, as by the defendant alleged, that he has a sale from Louis De l'Homme, the same is null and void, being made to the defendant for the benefit of his mother, as an indirect and disguised donation, who for a long time previous to the death of the donor, lived with him in open concubinage and adultery.

The defendant objected to the right of these parties to intervene. The grounds of objection stated in the bill of exceptions are, that the interpleaders had no interest in the event of the suit; that their rights could, under no circumstances, be compromitted by it; that the petition of intervention would make an entire change in the issues joined between the original parties. The judge overruled the objections, and permitted the claim in intervention to be filed, upon which, the defendant took a bill of exceptions.

As the defendant is appellee in this court, and has not prayed the judgement below should in this respect be amended, it is unnecessary to decide the question which this bill of exceptions presents.

On the trial, the defendant offered in evidence a writing, to which the deceased had affixed his mark in the presence of witnesses. The plaintiffs objected to the introduction of the

WESTERN DIS.
*Sept. 1832.*

DE L'HOMME
*vs.*
DE KERLE-
GAND.

instrument, on the ground that the property conveyed by it, could only pass by a writing *signed* by the parties, and that a mark was not a signature in the intention of the law. The court overruled the objection, and permitted witnesses to prove the execution of the act. The plaintiffs excepted to this decision, and the principle of law involved in it, has been well and elaborately discussed; it is one, however, which the rights of the parties now before us, does not require us to pronounce an opinion on.

Two inconsistent demands, such as certain specified property, and note given for the price of that property, cannot be cumulated in the same petition or action; the one excludes the other.

This suit, as has been already stated, is brought to recover certain property, and at the same time, enforce the payment of a note due by the defendant to the deceased. It appears very clearly in evidence, this note was given in payment of the property sued for; and it is equally clear, that two such demands cannot be cumulated in the same petition; they are inconsistent, and by an express provision of our law, the one excludes the other. *Code of Prac., Art.* 149.

In such a case, the defendant may refuse to plead, until the plaintiff selects which one of the two demands he intends to proceed with; but omitting to do so, and joining issue, does not deprive the defendant of his right to object to the cumulation of two inconsistent demands at any subsequent stage of the proceedings.

It is a general rule, that objections to the *form* of action, must be made *in limine lites*,

The defendant might have refused to plead to the merits, until the plaintiffs made choice as to which of the two demands they intended to proceed with; he, however, chose to join issue on the allegations in the petition. But on evidence being offered by the plaintiffs to prove the illegality and fraud of the sale, he objected to its introduction on several grounds, and one of which was, that the claim, to show the illegality of the sale, was inconsistent with the demand for payment of the consideration of that sale.

Of that opinion was the court below. In examining its correctness, the first question is, whether the failure of the defendant to object *in limine lites* to the cumulations of the two actions, deprived him of the right to do so in a subsequent stage of the proceedings. It is a general rule, that objections to form are waived by a joinder in issue on the merits; but in this instance, the defect was one which could not be cured by this course of pleading, it being one of substance; the law having said the one action precludes the other, it follows as a consequence, that judgement could not be rendered on both, and therefore one or the other must be

abandoned, before judgement could be pronounced. But at whatever stage of the cause the objection is taken by the defendant, we think the plaintiff has a right to select which he will prosecute; in this case, the appellants, had they thought fit, might have chosen to contest the validity of the sale alone, and have brought the case upon the ground of the refusal to permit them to give in evidence to prove their allegations. But instead of doing this, they proceeded to put their case to the jury on the right to receive the amount of the note. Having done so, they cannot now have the cause sent back to be tried on a demand, which is contrary to, and precludes that on which judgement was rendered. *Adams* vs. *Lewis*, 7 *Mar. N. S.* 400.

This opinion renders it unnecessary to examine the validity of the instrument of writing under which the defendant claims the property, or to decide on the several bills of exceptions taken to the opinion of the court in regard to testimony offered, to shew the sale was fraudulent and without condition. The demand and judgement on the note covers, and cures all these defects.

The jury found that the note was given to the payee in consideration of the sale, and that it was surrendered by him to the defendant, without any part of it being paid, except the sum of one hundred and twenty-five dollars; and that twenty cents damages be accorded to the plaintiffs. The court gave judgment in pursuance to this verdict. On looking into the record, we perceive the evidence fully justifies the conclusion to which the jury came in relation to the note. It was surrendered to the defendant, and this act on the part of the payee, extinguished the obligation. If the intention of the deceased was to make a donation to the defendant, the plaintiffs who are neither forced heirs nor creditors, have no right to complain of it. *La. Code*, 2126, 2195, 1480–3.

But we cannot divine on what ground the jury gave damages in favor of the plaintiffs, and at the same time found a verdict, by which the defendant was entitled to

WESTERN DIS.
*Sept.* 1832.

DE L'HOMME
*vs.*
DE KERLE-
GAND.

and are received by a joinder in issue; but when they affect the substance or merits, they cannot be cured by this course of pleading. But at whatever stage of the proceeding the objection is taken, the plaintiff has a right to select which demand he will pursue.

WESTERN DIS.
Sept. 1832.

judgement on the merits. One or the other must be wrong, and as we think the first was, the judgement must, in this respect, be corrected as the appellee has prayed.

It is, therefore, ordered, adjudged, and decreed, that the verdict and judgement rendered in this case, be avoided, annulled, and reversed; and it is further ordered, adjudged, and decreed, that there be judgement for the defendant, with costs in both courts.