(82 South. 415)

No. 21867.

HICKS v. HICKS et al.

(June 2, 1919. On Application for Rehearing, June 30, 1919.)

*(Syllabus by Editorial Staff.)*

1. BILLS AND NOTES ☜527(1)—REMISSION OF DEBT—EVIDENCE—SUFFICIENCY.

In a suit culminating in a judgment of partition in kind between heirs, evidence *held* to re-quire a finding that the mother of one of the defendants had remitted an indebtedness on notes owing by such a defendant under Civ. Code, art. 2199, in view of article 2201.

2. BILLS AND NOTES ☜438—REMISSION OF INDEBTEDNESS—INDORSEMENT ON NOTES.

Remission of indebtedness is accomplished where the notes representing it are canceled and surrendered to the debtor after maturity, and an indorsement put on the notes by the notary public, "Canceled for service rendered to me which I acknowledge as the equivalent of cash," and signed by the payee, has no effect.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Suit by Bessie Hicks against J. Elgee Hicks and others. From a portion of a judgment for plaintiff ordering partition in kind, defendants appeal. Reversed and rendered.

E. B. Dubuisson, of Opelousas, for appellants.

R. Lee Garland, of Opelousas, for appellee.

SOMMERVILLE, J. Defendant J. Elgee Hicks appeals from a judgment in favor of plaintiff ordering a partition in kind of certain property belonging to him and his coheirs, limiting his appeal, however, to that portion of the judgment declaring that certain mortgage notes held by him constituted a donation made by his mother to him, and that it was void for want of form.

The suit originally embraced a multiplicity of issues; but this appeal, in the motion and order for appeal, is confined to one issue, namely:

"That portion of the final judgment rendered herein * * * and embodied in paragraph 2 of the decree of said judgment and the incidental matter of the cost * * * embodied in paragraph 8 of said decree."

It is alleged in the petition: That by authentic act passed January 4, 1907, appellant's mother sold to him a certain plantation for $10,000 payable in 20 annual payments of $500 each, represented by notes bearing interest after their respective ma-

turity. That when the second, third, fourth, fifth, sixth and seventh of said notes matured they were donated to appellant by his mother by writing indorsed on the backs of the notes. Defendant admitted the sale made to him by his mother, and alleged that he had paid the first note of $500 falling due, and that when the six successive notes fell due that his mother remitted the debt evidenced thereby by returning to him the said six notes, at different times, which had fallen due before her death. That the first three of these notes were regularly canceled on January 18, 1912. That thereafter, in April, 1914, his mother took the six notes from him, and had indorsed on the backs thereof:

"Canceled for services rendered to me, which I acknowledge as the equivalent of cash. [Signed] Mrs. C. A. Hicks."

That these indorsements, as they appear on the notes, are without any dates. That they were made by a notary public under the direction of his mother, and that the notes were thereafter returned to him, the defendant.

The notary public was called as a witness and testified in support of the allegation just referred to. The only other witness to the transaction was the defendant himself. He testified that the notes were given to him by his mother, and the debt represented thereby remitted by her; that she gave him first one of the notes which was past due, and then two others, and, lastly, some months before her death, the last three notes. Defendant still owes 13 notes of $500 each on the property which he bought from his mother.

[1] The law recognizes a difference between donations and remissions of debt, and the only evidence in the record is that the debt was remitted to defendant by his mother.

There is no evidence in the record to the effect that Mrs. Hicks transferred her ownership in these notes to defendant by donation or otherwise. Plaintiff must therefore fail in her suit.

Article 2199, C. C., provides:

"The remission of the debt is either conventional, when it is expressly granted to the debtor by a creditor either having a capacity to alienate;

"Or tacit, when the creditor voluntarily surrenders to his debtor the original title under private signature which establishes the obligation."

There is no form prescribed for the remission of a debt; and the law says it may be tacit.

Article 2201, C. C., says:

"The release or remission of a debtor is presumed always to have been accepted by the debtor, and it cannot be revoked by the creditor."

In a somewhat similar case (De L'Homme v. De Kerlegand, 4 La. 353) the court said:

"It [the note] was surrendered to the defendant, and this act on the part of the payee extinguished the obligation."

And again, in Succ. of Foerster, 43 La. Ann. 190, 9 South. 17, where a woman sent for a notary who attended to her notarial business to ascertain in what form she might remit the payment of three promissory notes which she held, she was advised by the notary to write the words, "This note is paid in full," which was written on the backs of the notes, and the indorsements were signed by Mrs. Foerster. The notes in the Foerster Succ. were found among the papers of Mrs. Foerster; and two of the three makers of the notes did not know that their debts had been remitted by her. The maker of one note knew that it had been canceled, although the note had not been surrendered to him. In that case it was held:

"The question is exclusively one of remission of debt vel non, and is narrowed to a question of form and notice.

"The opponent contends that to constitute a remission of the debt, certain elements, wanting in this case, must concur, and confidently relies

upon the absence of notice of the release to the debtors and acceptance on their part.

"It is also urged that the notice after the death of the creditor and the acceptance cannot have any legal effect."

In that case the debt was declared remitted, and that the cancellation was fait accompli, and had passed to the state of an absolute release.

[2] In this case, the six notes involved were canceled and surrendered to the defendant after their maturity by his mother; and the remission of the debt was thus accomplished. The inscription on the reverse sides of the notes, put there by a notary public:

"Canceled for services rendered to me, which I acknowledge as the equivalent of cash. [Signed] Mrs. C. A. Hicks"

—has no effect upon the remission of the debts at the time they were remitted by Mrs. C. A. Hicks, and the notes were surrendered by her to the maker, James E. Hicks, and he accepted same, and had them canceled on the public records.

Mrs. Hicks, the mother, was the creditor, and her son, the debtor. The notes which she surrendered to him were the original titles under private signature which established the obligations represented by them. The remission of appellant's debts on the notes was complete and irrevocable when his mother surrendered the notes to him. The subsequent return of the notes to her to enable her to place thereon the indorsements which they now bear is wholly irrelevant in so far as the remission of the debt was concerned. That had already been accomplished, and was irrevocable. The indorsements may have some bearing on the question of collation, but they can have none whatever on the legality of the remission of the debt. In so far as the matter of form of the remission of the debt is concerned, plaintiff's complaints are wholly unfounded.

It is therefore ordered, adjudged, and decreed that that portion of the judgment appealed from be annulled, avoided, and reversed; and it is ordered that there now be judgment in favor of defendant and against plaintiff, declaring that the six notes held by him and involved in this suit are evidences of obligations of his which were remitted to him by his mother, the holder of the said notes, and that plaintiff's claims thereon be rejected. The costs of the appeal to be paid by the appellee; and the costs of the district court to be paid by plaintiff and defendant in equal portions.

O'NIELL, J., concurs in the decree.

On Application for Rehearing.

PER CURIAM. The decree is amended so as to read as follows:

It is therefore ordered, adjudged, and decreed that the portion of the judgment appealed from be annulled, avoided, and reversed; and it is ordered that there now be judgment in favor of defendant and against plaintiff, declaring that the six notes held by him and involved in this suit are evidences of obligations of his which were remitted to him by his mother, the holder of the said notes, and that plaintiff's claims thereon be rejected.

Costs to be paid by plaintiff. The right is reserved to plaintiff to demand of defendant a collation in a proper proceeding.