56 So.2d 221 (1951)
GULF STATES FINANCE CORP.
v.
MOSES.
No. 7753.
Court of Appeal of Louisiana, Second Circuit.
December 15, 1951.
William E. Skye, K. Hundley, Alexandria, for appellant.
T. C. McLure, Jr., Alexandria, for appellee.
GLADNEY, Judge Ad Hoc.
The appellee on May 10, 1950 instituted this suit as holder in due course of a note for the principal sum of $534, which note was secured by a chattel mortgage executed with the note and affecting a used 1942 Chevrolet one-half ton pickup truck. The note, dated February 14, 1950, was executed by appellant M. D. Moses, in favor of E. J. Gonzales Finance Company and provided for monthly payments, the first of which matured on March 14, 1950.
The defense of appellant is predicated upon the averment in his answer wherein: "* * * Appearer shows that shortly after March 14th, 1950, when the first installment on the note sued on became due plaintiff sent a representative to his home who demanded payment of said installment, or that the truck be turned over to *222 him for the balance due thereon; that appearer being unable to make said installment payment had no alternative but to permit said representative to take said truck which he did; that since said time appearer has not seen said truck and it has since then been in the possession, control and ownership of plaintiff so far as appearer knows; that the note herein sued upon was paid by the surrender of said truck by defendant to plaintiff."
When the case was on trial, and after there had been established by appellee proof of the obligation and that no payments had been made thereon, through the testimony of himself and his wife appellant sought to establish an understanding with a Mr. Ozier, who came to his home after the first note became due. Mr. Moses testified: "* * * Mr. Ozier, I believe this is the man's name herehe gave me his this paper. I haven't seen him but one time unless this is the gentleman here. If it is him, he came out to see me when the first note was due thirty days after and I told him that I wasn't able to pay the truck out and I said there it is I will have to give it to you, so he took a blank and I signed a blank and released the truck to him then. I said I may not be here when you come and if I am not here you will already have the paper signed, and I signed the blank."
He testified also:
"The understanding that I understood concerning me signing the release of this paper, when it was signed, was that I owed $400.00 of cash money with $135.00 interest and when I signed this release for him to take the truck it was his.
"Q. Did you understand that they would take the truck and still hold you responsible for the note? A. I did not.
"Q. Mr. Moses, have you seen that truck since it was moved from your home? A. I haven't as much as seen or heard a thing from the truck.
"Q. Do you have any information as to what was done with the truck? A. No, sir, I don't."
During the course of the trial, appellee in rebuttal introduced in evidence a paper, mimeograph in form, bearing the signature of appellant. It is dated April 5, 1950, and appears to be fully executed. The testimony, however, clearly indicates, and the district judge so found, that when Moses put his signature thereon none of the blank spaces identifying the paper with the particular truck and obligation were written in, but this was done sometime after Moses had affixed his signature. Appellant testified he did not know what the document contained, but on argument before the trial court his counsel contended that upon its execution, the document became the agreement between the parties and the note and chattel mortgage were no longer in effect.
The defense here asserted would be effective if properly supported by proof. In this, the burden of proof rests upon appellant by reason of the provision of Article 2232 of the Civil Code that he who contends that he is exonerated must prove the payment or the fact which has produced the extinction of the obligation. The negotiable instrument law, Act No. 64 of 1904, LSA-R.S. 7:119, declares:
"A negotiable instrument is discharged:
"* * * (4) By any other act which will discharge a simple contract for the payment of money; * * *."
Obligations may be extinguished in the manner prescribed by Civil Code, Article 2130. Included among these methods are payment and voluntary remission. Appellant's right to avoid the obligation must in our opinion fall within one of these two methods. The Civil Code defines the giving in payment as an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due. Article 2655 of the Civil Code. The release of a debt by remission is conventional or tacit. Black's Law Dictionary, Third Edition, page 1526, defines "remission:" "It is conventional, when it is expressly granted to the debtor by a creditor having a capacity to alienate; or tacit, when the creditor voluntarily surrenders to his debtor the original title, under private signature constituting the obligation. Civ. Code La. art. 2199. Hall v. Allen Mfg. Co., 133 La. 1079, 63 So. 591, 592."
*223 A creditor may make this declaration orally or in writing. The writing may be formal or informal, as the law does not prescribe the form of remitting a debt. See Sciambra v. Emblem, Inc., La.App., 46 So.2d 631, 636.
But in either event, whether release be claimed by payment or by remission, appellant cannot avail because of deficiency in proof. The judge a quo correctly found: "Defendant argues that upon the execution of the document `Plaintiff #1' it became the agreement between the parties and the note and chattel mortgage were no longer in effect. This would be true if there had been a giving in payment. The evidence of defendant is so vague and unsatisfactory upon this point that it cannot be concluded to have established that there was such a giving in payment. In truth, there was no act between the parties tending to discharge the existing obligation on the note, but the transaction actually affected and dealt with the security for it. This is clearly shown by the document `Plaintiff #1' even if it be construed with the limitation put upon it when it was received in evidence, when it is admitted on both sides that the document was executed in connection with the truck, which was the security for the note. This document merely meant that the truck was surrendered to plaintiff as defendant's agent for the purpose of sale, the proceeds of which should be credited on the note, with defendant remaining liable for such deficiency as might remain after credit was allowed."
The exhibit above referred to contains the following extract: "I, Mitchell D. Moses, * * * realizing my inability to meet the payments due on my automobile * * * on which automobile you hold a Chattel Mortgage * * * dated the 14 day of Feb., 1950, in the original principal amount of $534.00 * * *, hereby deliver this automobile to you to be sold by you for my account, and hereby authorize to place this property in condition to sell, pay reasonable commission and expenses of said sale and to apply the net proceeds of said sale toward the liquidation of said account, as far as they will go, and if there be any funds in excess of my said debts, then you are to pay over to me the surplus thereof."
A casual reading of the above clause evidences the correctness of the ruling of the trial judge as exemplified in the above quoted extract from his opinion.
Thus, appellant has failed to furnish proof of payment or remission, without which there is no release from the obligation. Certainly the document above referred to furnishes appellant small comfort in this controversy.
Appellant advances the argument that plaintiff cannot ignore the agreement and secure judgment for the full amount of the note after allowing the truck to depreciate. This, of course, is beyond any issue presented by the pleadings here and remedy for this wrong, if existent, must await other determination.
The record fully supports the finding of facts as made by the lower court and we concur in his holding that no release was given, and that appellant failed to sustain the burden of proving it was so given.
The judgment appealed from should be and is hereby affirmed, at appellant's costs.
KENNON, J., not participating.