DOMENGEAUX, Judge.
Plaintiff-appellant, Annette Duplechan Wall, was the only child and sole heir of Clovis Duplechan, who died on May 22, 1972. She accepted his succession simply and unconditionally. Mrs. Wall joined by her husband,' Sidney, filed suit against George Murrell and his wife, Joyce Mur-rell, seeking to recover the sum of $4,500.-00 or any unpaid balance thereof, which sum allegedly had been loaned to Murrell by Clovis Duplechan on August 28, 1969. Defendant Joyce Murrell was the blood niece of Clovis Duplechan. By answers to the petition and interrogatories propounded to them, the Murrells admitted the loan, and alleged payment on account thereof in the sum of $3,200.00 as of the time of the death of Clovis Duplechan, but they denied any residual obligation, based on an understanding between them and Clovis Duple-chan that if either the latter or George Murrell died, the debt would be extinguished at the time of the death of either party. After trial on the merits, the District Court rejected plaintiffs’ demands and ordered their suit dismissed. The Walls have appealed to this court. We affirm.
The significant issue on this appeal concerns itself with whether or not the District Judge erred in allowing the Mur-rells, over objection, to testify as to statements made by the decedent Clovis Duple-chan at the time of the loan transaction, concerning the extinguishment of the loan in the event of the death of either Mr. Du-plechan or Mr. Murrell. This testimony, appellant contends, amounts to hearsay and should have been disallowed.
The loan in question was represented by a check in the amount of $4,500.00 issued by Clovis Duplechan to the order of George Murrell. There was no note or other evidence of indebtedness. The amount of $3,200.00 was repaid by the Murrells by making deposits in the Calca-sieu-Marine National Bank in the name of Clovis Duplechan. These deposits were made on a fairly regular basis, mostly in the amounts of $100.00 each. Mr. Duple-chan withdrew money from this account periodically. The balance in said account at the time of his death was $850.14.
Mrs. Wall knew of the loan and its purpose, i. e. to make it possible for the Mur-rells to purchase certain property. She also knew that the Murrells were repaying same by deposits in the bank in her father’s account, but she knew of no conditions concerning terms of repayment nor of agreements concerning the extinguishment of the loan.
Concerning the circumstances and conditions of the loan, George and Joyce Mur-rell testified that the loan was made at Mr. Duplechan’s home; that they would have preferred to borrow the money from a lending agency with credit life insurance coverage to pay out the loan in the event of Mr. Murrell’s death, but that Mr. Du-plechan wanted to lend them the money, with no interest, and would not let them sign a promissory note; that Mr. Duple-chan made it clear to them that if either he or George Murrell died, the debt would be extinguished. The record is clear and uncontradicted that there was a close bond of friendship and affection between Clovis Duplechan and his niece, Joyce Murrell.
The Louisiana Supreme Court in the case of Abunza v. Olivier, 230 La. 445, 88 So.2d 815 (1956) recognized as correct the *867 admissibility of testimony by the defendant therein to the effect that a promissory note was forgiven by the holder of the note prior to her death. Counsel for plaintiff in that case argued that defendant’s testimony should be disregarded, since it involved a declaration against interest of a deceased person, which is the weakest kind of evidence. In disposing of that contention the court stated:
The contention is without merit. While mindful of the fact that a declaration against interest by a deceased is the weakest kind of testimony, it is admissible and does have some probative value. It must, of course, be scrutinized with great care, since it can be so easily fabricated, but this concerns the weight of the proof rather than its competency.
Again, in Larocca v. Ofrias, 231 La. 292, 91 So.2d 351 (1956) the high court found no error in a ruling of the District Court permitting the defendant in that case to relate statements made to her by her deceased brother which served to substantiate her defense of want of consideration. The court therein elucidated as follows:
Although testimony respecting declarations of a person since deceased, even when against interest, is the weakest sort of evidence, nevertheless, such statements are legal evidence against his executor, administrator, heirs or other persons claiming under him. Brown v. King, 7 La.App. 570; Succession of Crawford, 16 La.App. 326, 134 So. 269; Gaddis v. Brown, La.App., 1 So.2d 845.
To the same effect see Pacholik v. Gray, (La.App. 3rd Cir. 1966) 187 So.2d 480.
In the case at bar the trial judge, who has much discretion in his evaluation of the credibility of witnesses, made it clear that he believed the testimony of the defendants. In that connection, and in elaborating on his findings, he stated:
Certainly, any evidence by these parties concerning what took place between them and the deceased must be clear, convincing and strong to be accorded any weight by the Court. However, I am convinced that the defendants were telling the truth when they related that Mr. Duplechan told them there would be no further obligation to repay any amount on the loan after the death of either Mr. Duplechan or Mr. Murrell.
It is clear that Mrs. Murrell was a favorite niece of the deceased and his relationship with her and her husband was close.
Mr. and Mrs. Murrell testified that they told the decedent they would prefer to borrow the money from the normal lending sources and obtain mortgage insurance on Mr. Murrell’s life so that Mrs. Murrell would not be obligated to pay any balance in the event Mr. Mur-rell passed away before final payment. Both testified that Mr. Duplechan assured them that he did not want them to obtain such a loan, apparently with view to saving them interest and also because of his kindly attitude toward them, and instead insisted they borrow the money from him with the understanding that there would be no obligation for repayment in the event of the death of either of such parties.
While such a condition may seem incredible to some persons, it certainly is not so in all cases, particularly where money is lent or given within a family. As I have said, I believe the testimony of Mr. and Mrs. Murrell in this respect.
Once the admissibility of the evidence is established, the issue becomes one of fact, i. e. was the loan agreement as described by the defendants, or was it not. The trial judge concluded that it was and his reasons amply substantiate his conclusion. We certainly cannot say that there is manifest error therein, and accordingly we are bound to affirm the judgment.
*868 For the above and foregoing reasons the judgment of the District Court in favor of the defendants George Murrell and Joyce Murrell and against the plaintiffs Annette Duplechan Wall and Sidney Wall, rejecting the latter’s demands, is affirmed at appellants’ costs.
Affirmed.