463 So.2d 856 (1985)
Alvin J. ARLEDGE as Administrator of the Succession of Joseph Alton Arledge, Plaintiff-Appellee,
v.
Arlen C. BELL, Defendant-Appellant.
No. 16706-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
*857 Dimos, Brown, Erskine, Burkett & Smith by Wade R. Baggette, Monroe, for defendant-appellant.
Howell H. Heard, West Monroe, for plaintiff-appellee.
Before HALL, MARVIN and SEXTON, JJ.
SEXTON, Judge.
Arlen C. Bell appeals a declaratory judgment finding that he is indebted to the succession of Joseph Alton Arledge in the amount of $9,000, representing the unpaid balance of a loan from decedent to defendant. We reverse and remand for a new trial.
Decedent, Joseph Alton Arledge, was a single man with no children who died intestate on November 17, 1982. One sister, Willie Travis Arledge Bell, predeceased Joseph. He was survived by one brother, Alvin Julius Arledge, the duly qualified administrator of this succession. Defendant herein is one of the three children born to Willie Bell and is therefore a nephew to the decedent.
The administrator of the succession brought suit for declaratory judgment separately against defendant, and his sister Charlotte Bell, seeking declarations of the amounts of their respective indebtedness to the succession. Arlen Bell's answer alleged that the transaction was a gift and, in the alternative, that if the initial transaction was characterized as a loan, the debt was extinguished by remission in a long distance telephone call between Arlen C. Bell and the decedent. In interrogatories which were admitted into evidence, appellant conceded that the money was originally advanced from his uncle as a loan. The cases were consolidated for trial. Judgment was rendered in favor of the succession and against both defendants. Only Arlen C. Bell has appealed.
At trial Arlen Bell testified that in 1980 he borrowed $10,000 from his uncle in order to place a down payment on a home for his family. He subsequently paid ten installments of $100 each on the loan, reducing the unpaid balance to $9,000.
*858 On appeal, defendant urges the applicability of LSA-C.C. Art. 1888, et seq.,[*] claiming that the debt had been remitted by his uncle.
All that is required under the remission articles is a determination that the creditor intended to remit his claim or that he has estopped himself to claim the contrary. Cowley Corporation v. Shreveport Packing Co., 440 So.2d 1345 (La.App. 2d Cir.1983), writ denied, 444 So.2d 122 (La. 1984). While the remission of a debt cannot be revoked by a creditor, remission is never presumed unless it clearly appears that the creditor intended it. The burden of proving remission, express or tacit, rests with those claiming the benefit. Cowley, supra; Succession of Martin, 335 So.2d 494 (La.App. 2d Cir. 1976), writ denied, 337 So.2d 516 (La.1976). No particular form for remission is necessary and the remission may either occur by oral declaration or in writing. Gulf States Finance Corporation v. Moses, 56 So.2d 221 (La.App. 2d Cir.1951).
At trial, defendant's attorney attempted to elicit testimony concerning the substance of the long distance telephone conversation. Counsel for the succession objected on hearsay and relevancy grounds. The objection was sustained, and the evidence was admitted by proffer. Appellant contends that the trial court erred in refusing to admit and consider this evidence.
In regard to his relevancy argument, appellee contends that LSA-C.C. Art. 1536 precludes the admission of this evidence. Appellee claims that the alleged conversation relative to forgiveness of Arlen Bell's debt constituted a gift of a credit, an incorporeal thing. Thus, he asserts that LSA-C.C. Art. 1536, which stipulates formal requirements for the donation of incorporeal movables, is controlling, thus rendering appellant's evidence irrelevant.
Our initial inquiry, then, must be directed to the character of the transaction here involved to determine whether the formal requirements of Article 1536 are pertinent. It is clear from the testimony and answers to interrogatories of the defendant Arlen C. Bell that this transaction was originally intended to be a loan and not a donation. Therefore, if the deceased acted as the defendant asserts, that action forgave an existing obligation.
While the forgiveness of a debt may in some respects appear to be a donation because of the gratuitous intent manifested by the act of forgiveness, in specific terms it is the remission of a previous obligation. It therefore must be considered within the context of our law on remission.
As Professor Levasseur explains:
When remitting a debt, the creditor is usually motivated by a gratuitous intent (animus donandi). Such a gratuitous juridical act is tantamount to a donation and should, therefore, be subjected to the conditions of substance applicable to liberalities (collation, reduction, revocation...). However, the conditions of form pertaining to donations are not applicable (LCC 1536 et seq).
A. Levasseur, Precis in Conventional Obligations: A Civil Code Analysis, at 84 (1980). Accord, S. Litvinoff, 6 Louisiana Civil Law Treatise: Obligations, § 371 (1969). See also Hicks v. Hicks, 145 La. 465, 82 So. 415 (1919).
The redactors comment (b) to the new Article 1888 is succinctly in accord with Professor Levasseur:
(b) Although remission is an act gratuitous in principle, it is considered a sort of indirect liberality not subject to the requirements of form prescribed for donations. See 4 Aubry et Rau, Cours de droit civil francaisObligations 223 (Louisiana State Law Institute trans. *859 1965); 2 Colin et Capitant, Cours elementaire de droit civil francais 403 (10th ed. 1953); 7 Planiol et Ripert, Traite pratique de droit civil francais 716 (2nd ed. 1954); 1 Litvinoff, Obligations 627-628 (1969). See also Hicks v. Hicks, 145 La. 465, 82 So. 415 (1919); Reinecke v. Pelham, 199 So. 521 (La.App.Orl.1941). [Emphasis ours]
Therefore, while a remission may involve a donative intent on the part of the creditor, the authentic form requirements of LSA-C.C. Art. 1536 do not apply. A remission may be perfected by an oral agreement and appellant's evidence which sought to establish an oral remission was relevant.
We now turn to a consideration of the hearsay portion of the objection. Appellant argues that the conversation constituted a declaration against the decedent's interest and therefore fell within an established exception to the hearsay rule.
Appellant's assertion is correct. The general rule is that declarations of a party deceased are inadmissible if the same would be excluded as hearsay were he alive. Micheli v. Toye Bros. Yellow Cab Co., 174 So.2d 168 (La.App. 4th Cir.1965). However, such statements may be admitted into evidence under an exception to the hearsay rule if they constitute a declaration against the deceased's interest. Abunza v. Olivier, 230 La. 445, 88 So.2d 815 (1956); Wall v. Murrell, 280 So.2d 865 (La.App. 3rd Cir.1973). The court explained in Abunza that although a declaration against interest by a deceased is the weakest kind of testimony, it is admissible and does have some probative value. It must be scrutinized with great care, however, since it can be so easily fabricated, a fact which concerns the weight of the proof rather than its competency.
In summary, it is apparent that appellant's evidence was both relevant to his plea of remission, and fell within an established exception to the hearsay rule. Consequently, the trial court erred in refusing to admit this evidence.
In his final specification, appellant contends that the trial court erred in excluding testimony of the decedent's close familial ties with his nieces and nephews, and testimony concerning other transactions, both gifts and loans, from decedent to other nieces and nephews. Counsel for the succession urges the correctness of the trial court's ruling and argues that the evidence was irrelevant. This evidence, like the testimony concerning the telephone conversation, was admitted by proffer, and not heard or considered by the trial court.
For evidence to be relevant, it must have some probative value and be reasonably connected to the transaction in question. State in the Interest of Miles, 441 So.2d 61 (La.App. 3rd Cir.1983); Associates Financial Services Company, Inc. v. Ryan, 382 So.2d 215 (La.App. 3rd Cir. 1980); Vignes-Bombet Co., Inc. v. Rowe, 288 So.2d 889 (La.App. 1st Cir.1973). The trial court is, however, granted a great deal of discretion in assessing the probative value of evidence. City of Baton Rouge v. Tullier, 401 So.2d 422 (La.App. 1st Cir. 1981), writ denied, 406 So.2d 605 (La.1981).
In this case, the proffered testimony concerning decedent's close relationship with his nephew, and his custom of giving money or loaning money to his family members is generally relevant to show decedent's course of liberality and financial dealings with his family members, i.e., whether the deceased expected repayment of the loan or intended a remission of the debt. The objection tendered, therefore, is more appropriately considered as an argument against the weight to be afforded the evidence in question.
We therefore determine that the trial court erred in refusing to admit evidence of the telephone conversation between appellant and decedent and the evidence concerning decedent's relationship with this family members including his acts of generosity toward them. We therefore remand this matter to the district court for a new trial in order that appellant's proffered evidence be considered in determining whether a remission of this debt occurred. We adopt this course rather than deciding *860 the cause as we usually do when all of the evidence is before us for the following reasons.
While the law instructs an appellate court to sparingly remand when all of the facts are presented to it as here, the law also indicates that a remand is appropriate where a view of the witness is essential to judge his credibility. Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707 (La.1980); Ketcher v. Illinois Central Gulf Railroad Co., 440 So.2d 805 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1220 (La.1984). Obviously, the linchpin of the defendant's case is the defendant's testimony that the deceased remitted the debt. Thus, the credibility of the defendant is all important to a resolution of the issues in the case, just as it was in the similar cause of Wall v. Murrell, supra. Because the trial court is obviously in a better position to determine this credibility than this court, we believe the ends of justice are best served by a remand for new trial. LSA-C. C.P. Art. 2164.
The judgment of the district court is reversed and the case is remanded for a new trial in accordance with the views expressed in this opinion. Costs of this appeal are taxed against appellee.
REVERSED AND REMANDED.
NOTES
[*] Prior to the revision of the "Obligations" articles of the Civil Code by Act No. 331 of 1984, the remission articles were contained in Article 2199, et seq. As the redactors comment to the new Article 1888 indicates, that Article does not change the law. While some changes were made in the remission articles, these changes primarily deal with the effects of remission on sureties and have no effect on the instant litigation. See generally, Section 4, Chapter 6 of the Expose Des Motif of the Project of Titles III and IV of Book III of the Civil Code of Louisiana.