847 So.2d 170 (2003)
The ESTATE OF Mary Jacqueline LEVITZ, Plaintiff-Appellant,
v.
Joe E. BROADWAY and Don R. Broadway, Defendants-Appellees.
No. 37,246-CA.
Court of Appeal of Louisiana, Second Circuit.
May 14, 2003.
*171 Mulhearn and Smith by Leroy Smith, Jr., Tallulah, for Appellant.
Hamilton & Hamilton by Orlando N. Hamilton, Jr., Oak Grove, for Appellees.
Before BROWN, PEATROSS & KOSTELKA (Pro Tempore), JJ.
PEATROSS, J.
This appeal arises from a summary judgment granted by the trial court in favor of the defendants, Joe E. Broadway and Don R. Broadway (collectively "the Broadways"), and against the plaintiff, Tiki Shivers, as the executrix of the Estate of Mary Jacqueline Levitz ("the Executrix"), dismissing plaintiff's claims with prejudice. The Executrix now appeals. For the reasons stated herein, we reverse and remand.

FACTS
On April 17, 1995, the Broadways executed a promissory note in favor of their sister, Mary Jacqueline Broadway Levitz, in the amount of $70,000. The note was payable in 120 equal monthly installments in the amount of $849.80 each. The amount included interest amortized at the rate of eight percent per annum on the unpaid principal balance until the full amount of the note was paid. The first payment was due on May 1, 1997, with payments continuing until the final payment on April 1, 2007. The proceeds of the loan were used to purchase certain immovable property in Stone County, Arkansas. The note provided that the property in Arkansas would be transferred to *172 Mrs. Levitz in the event the loan was not paid.
In November 2000, Mrs. Levitz died and, subsequently, her estate was opened. The Broadways' promissory note was listed as one of Mrs. Levitz's assets and was apparently never destroyed or delivered to the Broadways prior to the death of Mrs. Levitz. On June 26, 2001, the Executrix filed suit against the Broadways claiming that the estate was entitled to judgment because the Broadways had made no payments on the note. The Executrix asked the court to award the estate judgment for the full amount of the promissory note, including interest and all costs of the proceedings. In the alternative, the Executrix asked the court to order the Broadways to transfer title to the Arkansas property to the estate, free and clear of all liens and encumbrances.
The Broadways answered the Executrix's lawsuit by asserting the affirmative defense of remission of the debt by Mrs. Levitz prior to her death. The Broadways subsequently filed a motion for summary judgment, contending that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law because the debt had been extinguished by remission.
In support of their argument, the Broadways attached to their motion for summary judgment affidavits executed by both of them and the affidavits executed by eight other family members which stated that Mrs. Levitz had declared to them, or in their presence, during late October or early November 1995, that she had forgiven payment of the promissory note at issue.
In opposition to the motion for summary judgment, the Executrix filed an affidavit executed by her stating that she did not hear the conversation attested to by the other family members. The Executrix further stated in her affidavit that Mrs. Levitz had stated the following to her in November 1995, to wit:
I just think it is so cute that the guys go up there to work on their little cabin. Kinda like Green Acres with their telephone on a poll [sic]. I told the guys not to worry about paying me right now, just to use the money to improve their little cabin. We will worry about the money later.
The Executrix also filed an affidavit of Mitchell Broadway, another brother of Mrs. Levitz, which stated that Mrs. Levitz had informed him that he should not be concerned about the transaction with the Broadways because she would either be paid or she would seize the property and sell it to recover her money.
On October 31, 2002, the trial judge granted the motion for summary judgment in favor of the Broadways finding that the affidavits offered by the Executrix did not clearly contradict the affidavits offered by the Broadways. Specifically, the trial judge found that Mrs. Levitz's statements to the Broadways, "not to worry about paying me right now" and "we will worry about the money later," did not clearly contradict the reported remission of the debt as stated in the Broadways' affidavits. Based on this finding, the trial judge concluded that no genuine issue of material fact existed and the Broadways were entitled to judgment as a matter of law. The Executrix now appeals, raising the following assignments of error (verbatim):
1. The trial court erred when it concluded there was no genuine issue as material fact;
2. The trial court erred in granting the motion for summary judgment.

DISCUSSION
Summary judgment procedure is designed to secure the just, speedy and inexpensive *173 determination of every action and the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
The initial burden of proof in summary judgment remains with the mover to show that no genuine issue of material fact exists. Johnson v. Sunbelt Builders, Inc., 02-0959 (La.App. 3d Cir.2/5/03), 838 So.2d 907. Under La. C.C.P. art. 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Id.
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La.12/8/00), 775 So.2d 1049. The court must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion. Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226. Summary judgment should be denied if (1) there is a genuine issue of fact and (2) it is material to the case. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730.
A "genuine" issue is a triable issue. Smith, supra. An issue is genuine if reasonable persons could disagree. Id. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788 (La.App. 3d Cir.1988).
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Smith, supra. "Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3d Cir.1991), writ denied, 596 So.2d 211 (La.1992). A material fact is one that would matter on the trial on the merits. Smith, supra. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Sassone v. Elder, 626 So.2d 345 (La.1993).
In the instant case, the Broadways had the initial burden of making a prima facie showing that no genuine issue of material fact existed. The Broadways argue that they met this burden by presenting to the trial court ten affidavits which alleged that Mrs. Levitz had remitted the debt they owed to her. They further assert that, having satisfied their burden, the Executrix failed to offer evidence that a genuine issue of material fact existed.[1] On the other hand, the Executrix *174 argues that, when the burden shifted to her to prove that summary judgment was not proper, she produced evidence that proved that a genuine issue of material fact remained. We agree.
As previously stated, an issue is genuine if reasonable persons could disagree. The affidavits offered by the Executrix contradict the affidavits offered by the Broadways. Mrs. Levitz's alleged comments to the Executrix that she would worry later about the money the Broadways owed to her contradicts the alleged comments she made to the affiants who claimed she told them she had forgiven the debt. Further, the continued existence of the promissory note in the possession of Mrs. Levitz when she died tends to indicate that the debt may not have been remitted.[2] Moreover, Mrs. Levitz allegedly told her brother that she was not worried about loaning the money to the Broadways because she would either be paid back or she would get the property. The evidence of these statements also suggests that reasonable persons could disagree as to whether or not Mrs. Levitz remitted the debt.
In addition, the possible lack of remission of the debt by Mrs. Levitz is a fact that is "material" because the nonexistence of the remission of the debt is essential to the Executrix's cause of action in this case. After careful review of the record herein and in light of the affidavits presented by the Executrix and the fact that the promissory note was still in existence and among Mrs. Levitz's possessions when she died, we find that a genuine issue of material fact remains.

CONCLUSION
For the foregoing reasons, the judgment of the trial court against Plaintiff, Tiki Shivers, as the executrix of the Estate of Mary Jacqueline Levitz, is reversed and remanded to the trial court for further proceedings. Costs of this appeal are assessed to the defendants, Joe E. Broadway and Don R. Broadway.
REVERSED AND REMANDED.
NOTES
[1] In addition, the Broadways cite Arledge v. Bell, 463 So.2d 856 (La.App. 2d Cir.1985), in support of their argument that summary judgment was proper; however, we find that Arledge is distinguishable in certain respects from what occurred in the case sub judice. The issue in Arledge was not whether or not a genuine issue of material fact existed to determine whether summary judgment was appropriate; but, instead, it was whether certain evidence was admissible during the trial. Also, the loan made in Arledge was not in the form of a promissory note like in the case sub judice. For these reasons, we find Arledge to be inapposite to the resolution of the case before us. We do find, however, that Arledge is correct in its premise that Louisiana law sets forth that an out-of-court statement made by a person now deceased, which would normally be excluded as hearsay, is, nevertheless, admissible as an exception to the hearsay rule if such declaration was against the person's interest. See also La. C.E. art. 804(B)(3). We also find that, regardless of the donative intent of the person making a remission of a debt, no particular form or even a writing is required. Arledge, supra. See also La. C.C. art. 1888 and Comment (B) to La. C.C. art. 1888. While a remission of a debt may involve donative intent on the part of the creditor, the authentic form requirements do not apply.
[2] See La. C.C. art. 1889, which provides:

An obligee's voluntary surrender to the obligor of the instrument evidencing the obligation gives rise to a presumption that the obligee intended to remit the debt.