hLOLLBY, J.
Heirs of Emmaline Wallace (“appellants”) appeal from a judgment of the First Judicial District Court, Parish of Caddo, Louisiana, in favor of defendants/appellees, Red River Center Corporation (“Red River”) and Colony Insurance Company (“Colony”),[1] granting their motion for a summary judgment. For the following reasons, the trial court’s judgment is affirmed.
FACTS
The record indicates that in the early morning hours of February 17, 2002, Ora Youngblood, the daughter of Emmaline Wallace (“Wallace”), came to her mother’s room at Rose View Nursing Center (“Rose View”) and discovered that her mother had sustained a bruise to her right eye and forehead. According to the evidence, Wallace told her daughter that “an employee had beat her up.” The incident was reported immediately to the head nurse, Beverly Walters, who in turn questioned Wallace and was told the same account as the daughter. The Shreveport Police Department was summoned to investigate the matter, and when they interviewed Wallace she repeated the account; however, she was unable to identify which employee allegedly battered her. Wallace was taken to a local hospital for an examination, whereupon she gave the examining physician a conflicting statement that she sustained the injury when she fell down. The attending physician noted that Wallace suffered from dementia.
|aThe record discloses that Gloria Morris (“Morris”), the nurse on duty when the incident occurred, also made conflicting statements regarding her knowledge of the incident. In the report filed by the administrator of Rose View to Colony, Morris is reported to have stated that when she heard Wallace call out that early morning in February, she did go check on her and was told by Wallace that someone had hit her. Morris claimed she checked Wallace’s body, but “never looked at her face.” In her deposition given on January 16, 2002, Morris testified that she never went into Wallace’s room even though she heard Wallace call out for help. Her reasoning was that she was busy making up beds.
Wallace filed this lawsuit based on the allegation that a battery was committed upon her by an employee of Rose View while she was a patient in their care pursuant to La. R.S. 14:35.2. She also asserted a cause of action under the Louisiana Residents, Bill of Rights Act, La. R.S. 40:2010.8, and OBRA Regulations, 42 CFR *968 483.13(b). Red River, as the operator of Rose View, and Colony as its insurer, were named as defendants to her suit. Subsequently, when Wallace died (from unspecified causes) her surviving children were substituted as party plaintiffs.
Red River and Colony filed a motion for summary judgment. The trial court granted their motion for summary judgment, dismissing appellants’ lawsuit reasoning that “there is clearly insufficient evidence upon which a jury could reasonably reach a verdict in favor of the appellant’s, and, accordingly, there is no genuine issues of material fact.”
|aThe trial court enumerated five written reasons why the motion for summary judgment was granted. This appeal by the appellants ensued.
DISCUSSION
On appeal, appellants list one assignment of error. They contend that the trial court erred in granting the motion for summary judgment, arguing that the “determination of material fact issues remain in dispute.”
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. Art. 966(A)(2). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to'judgment as a matter of law. Appellate courts review summary judgment de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Singleton v. Booker, 37,198 (La.App.2d Cir.05/14/03), 847 So.2d 107, writ denied, 2003-2030 (La.11/07/03), 857 So.2d 495.
Although the initial burden in summary judgment remains with the mover to show that no genuine issue of material fact exists, once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Estate of Levitz v. Broadway, 37,-246 (La.App.2d Cir.05/14/03), 847 So.2d 170. Despite the legislative mandate |4that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in' the opponent’s favor. Willis v. Medders, 2000-2507 (La.12/08/00), 775 So.2d 1049. The court must draw those inferences from undisputed facts that are most favorable to thé party opposing the motion for summary judgment. Independent Fire Insurance Co. V. Sunbeam Corp., 1999-2181, (La.02/29/00), 755 So.2d 226; Estate of Levitz, supra.
Appellees contend the trial court was not in error and argue that the only evidence established by appellants is that Wallace did sustain an injury to her right eye and forehead sometime during the early morning hours of February 17, 2000. They argue that the evidence is at best conflicting. Wallace, who appellees contend suffered from dementia, gave two different statements as to how the injury occurred. Because Wallace’s statements concerning the sustained injury were inconsistent, appellees argue that it renders her statements as “hearsay” and “unreliable.” Approximately two months after Wallace gave those conflicting accounts of her injury, her daughter expressed her concerns to Wallace’s physician of her mother’s increased propensity to fall down, suffer injuries and her mother’s diminish *969 ed capacity with ambulation, which she stated contributed to an increased incidence of falling.
In their reply brief, appellants maintain they are not only asserting a claim for battery, but additionally are setting forth a cause of action under |sthe Louisiana Residents, Bill of Rights Act. Finally, appellants argue that although the evidence presented is circumstantial, they contend it does establish the existence of a genuine issue of material fact sufficient to preclude summary judgment.
We disagree. It is a most unfortunate set of facts; however, this court agrees with the reasoning given by the trial court. The record is clear that in one of Wallace’s accounts she did state that someone beat her up. Nevertheless, she was never able to identify who that was. On the same day, she gave a conflicting account of the incident. The parties do not dispute that Wallace suffered from dementia. When Wallace was later deposed, she was “unable to communicate” and was declared incompetent to testify in the case by her legal counsel. Wallace’s daughter could not exclude any reasonable possibility that her mother fell and sustained the injury from a fall. Nor was the daughter able to articulate any motivation that anyone at the nursing home might have had for committing a battery upon Wallace. Appellants were not able to present any evidence as to who might have allegedly hit her mother. One cannot remove every reasonable hypothesis to conclude that the level of circumstantial evidence precludes any other conclusion but that Wallace was battered by an employee of Rose View. There simply is not sufficient evidence upon which a jury could reasonably reach a verdict in favor of appellants. Accordingly, there are no genuine issues of material fact.
| «CONCLUSION
For the foregoing reasons, we affirmed the trial court’s judgment granting appel-lees motion for summary judgment, dismissing appellants suit. Costs of this appeal are assessed to the appellants.
AFFIRMED.

. Colony Insurance Company replaced Front Royal Insurance Company as the correct insurer of Rose View Nursing Center.