798 So.2d 1230 (2001)
STEIN MART and Royal & Sunalliance
v.
Adell L. PREJEAN.
No. 01-718.
Court of Appeal of Louisiana, Third Circuit.
October 31, 2001.
*1231 George Stubbs Bourgeois, Jr., Opelousas, LA, Counsel for Defendant/Appellant: Adell L. Prejean.
Lawrence Bernard Frieman, Juge, Napolitano, Leyva, Guilbeau, Rulio, & Frieman, Metairie, LA, Counsel for Plaintiffs/Appellees: Stein Mart, Royal & Sunalliance.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, and MARC T. AMY, Judges.
WOODARD, Judge.
In this workers' compensation case, Ms. Adell Prejean appeals the workers' compensation judge's decision, which found that Ms. Prejean failed to meet her burden of proving that she was involved in a work-related accident or that she was unable to earn at least 90% of her pre-accident wages. The WCJ also found that she was not entitled to workers' compensation indemnity benefits and that the employer, Stein Mart, reasonably controverted this claim, thereby, not entitling her to attorney's fees and penalties. We affirm.

* * * * *
Ms. Prejean, an employee of Stein Mart, filed this workers' compensation claim because of an alleged accident, occurring at the Lafayette, Louisiana store on March 9, 2000. She claimed that when she was unloading stacked boxes of serving platters for display in the gift department, she hurt her back and arm. This occurred when she lifted the top box down, off of the one on which it was stacked. She described it, "I sat down on the ground right there. And I had to wait until I could get myself up again." She "drug it [the box which she had retrieved] 20 feet into the area where it goes and unpacked it there.... And when I pulled the box into the area, I realized I had really hurt myself." Nevertheless, she continued working. She indicated that, during that process, she ran into another co-worker, Glo, and mentioned, in passing, that she had hurt her arm. She explained that she worked until she could not stand the pain any longer, at which point, she walked to her locker, retrieved her personal belongings (handbag), and punched out. Mr. Ted Richard, an assistant manager, was near. She told him that she was going home because she did not "feel good." He advised her to notify Ms. Chavis, the managing supervisor, that she was leaving. When she did, and Ms. Chavis asked her "why," she maintains that she replied "I hurt my arm and my back." However, Ms. Chavis contends that Ms. Prejean told her, essentially, that she was going home because she was not feeling well and her arm and back were hurting. In another part of Ms. Chavis' testimony, she said that Ms. Prejean told her that her back and legs were hurting. Notwithstanding, Ms. Prejean confirmed that at no time did she tell her employer that she had hurt herself on the job.
Rather than going home, she went to the emergency room at Our Lady of Lourdes Regional Medical Center and presented her health insurance card. However, *1232 because of her description of how the accident occurred, the hospital determined that it was a workers' compensation accident and called the employer for verification. Ms. Chavis took the call and refused to authorize treatment because she was not aware of an accident, and Ms. Prejean had not completed an accident report before leaving the store.
The workers' compensation insurer denied Ms. Prejean's claim, contending that the accident did not happen, and refused to authorize medical treatment. Notwithstanding, Ms. Prejean continued to seek treatment from other sources.
Formally, on or about April 8, 2000, the employer filed a "Disputed Claim for Compensation," maintaining that the accident did not occur. Ms. Prejean also filed a "Disputed Claim for Compensation" on or about June 19, 2000. The matters were consolidated, and a trial on the merits was held on March 22, 2001. The WCJ concluded that Ms. Prejean failed to prove that the accident occurred, failed to prove disability, and found that the employer reasonably controverted the claim.
There are three issues for us to decide: 1) whether Ms. Prejean had an accident; 2) if so, whether she was temporarily, totally disabled because of it, and whether it caused her to incur medical expenses; as well as 3) whether penalties and attorneys fees should have been awarded.

LEGAL CAUSATION
Stein Mart alleges that Ms. Prejean failed to meet her burden of proving that a work-related accident caused her to suffer from back and wrist injuries, which required continuous medical treatment. Ms. Prejean used the terms arm and wrist interchangeably. She complained of tendinitis in her arm, as well as swelling and a lack of coordination. La.R.S. 23:1021(1) defines an "accident" as:
[A]n unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
In Quillin v. Calcasieu Marine Nat'l Bank,[1] this court explained:
The "event" which triggers coverage, then, may be an unexpected and sudden or violent occurrence which causes injury, or it may be an unexpected change in the employee's physical condition which renders him incapable of working, a change caused at least in part by an employment incident.
(Citations omitted.)
In order to recover workers' compensation benefits, the claimant must show that she was injured by an accident, arising out of and in the course and scope of her employment, and that the alleged injury required medical treatment or rendered her disabled.[2] In other words, she has the burden of establishing, by a preponderance of the evidence, the occurrence of an accident and the causal relationship between it and the resulting disability.[3] "Proof by a preponderance of the evidence is sufficient when the evidence taken as a whole, shows that the fact sought to be proved is more probable than not."[4] *1233 Therefore, it must be determined that the employment caused or contributed to the disability, though it is not necessary that the exact reason be found.[5]
In determining whether the claimant has discharged her burden of proof, the trier of fact should accept, as true, a witness' uncontradicted testimony, even though the witness is a party, absent circumstances casting suspicion on the reliability of that testimony.[6] The worker's testimony, alone, may be sufficient to discharge this burden, provided that two elements are satisfied: (1) no other evidence discredits or casts serious doubt on the worker's version of the incident; and (2) the circumstances, following the alleged incident, corroborate the worker's testimony.[7]
Ms. Prejean left work because she "was not feeling well" but did not report to anyone that this was because she had hurt herself while working. She testified that she did not report it because she did not know how to report a work-related injury. However, at trial, she was shown a document which she signed, acknowledging her understanding of accident reporting procedures. Moreover, she had completed an accident report, after she had cut her finger in December 1999, demonstrating that she knew the accident reporting procedures the most important of which requires that a report be completed, immediately, upon notification of an accident.
Also casting doubt on her credibility was her adamant denial of having had any prior problems with her wrist. Yet, at trial, she admitted that she had previously broken her right wrist and fractured her left wrist while in prison. Furthermore, she sometimes wore a brace on her right wrist due to the prior fracture. However, when confronted, at trial, with the fact that she had denied prior wrist injuries to the physicians at Our Lady of Lourdes, she replied that the doctor had incorrectly recorded her history.
In addition, the WCJ heard employees' testimonies that Ms. Prejean had frequently inquired about insurance coverage for her pre-existing conditions. Specifically, the customer service manager stated that she consistently requested information regarding insurance benefits and workers' compensation materials, and one week before the accident, she had asked how much workers' compensation insurance would pay for a work-related injury. Ms. Prejean explained that her insurance concerns were due to the fact that she had medical needs prior to working for Stein Mart and no health insurance. Specifically, she asked a lot of questions because she needed her medicine covered as quickly as possible since it cost $1,400.00 per month.
Additionally, the WCJ heard evidence that she owned and operated her own business, The Court of Two Jester's, where she had begun working, regularly, in October 2000. Apparently, she had rented a building for which she shared the expenses with other vendors, who would bring their goods to sell. When she stated that she did not own the boutique, opposing counsel showed her a business card, listing her as "owner." Further, when questioned about how much she earned from the business, she could not provide an adequate answer because she, neither, kept, nor gave, receipts; neither, kept tax records nor paid sales taxes; did not have a tax identification *1234 number for the business; and did not keep a register of accounts.
In spite of the evidence and testimony above, Ms. Prejean insists that the employer has failed to present any evidence to seriously question her version of an unwitnessed and unreported accident.
It is well settled that a court of appeal may not set aside a WCJ's finding of fact in the absence of "manifest error" or unless it is "clearly wrong."[8] When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings.[9] Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.[10] If the WCJ's findings are reasonable in light of the entire record, the court of appeal may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently.[11]
The WCJ found that Ms. Prejean she did not meet her burden of proving that she was hurt on the job. The evidence presented can reasonably support that conclusion. Consequently, the WCJ did not commit manifest error.
Accordingly, we affirm. The remaining assignments of error and issues are, therefore, pretermitted.

CONCLUSION
Finding no manifest error, we affirm the WCJ's ruling that Ms. Prejean did not prove that she had suffered a work-related accident and is, therefore, not entitled to compensation benefits, attorney's fees, or penalties.
AFFIRMED.
SAUNDERS, J., dissents.
NOTES
[1] 96-685, p. 5 (La.App. 3 Cir. 12/11/96); 690 So.2d 802, 804.
[2] La.R.S. 23:1031(A); Davis v. Cajun Bag & Supply Co., 96-1349 (La.App. 3 Cir. 6/25/97); 698 So.2d 39, writ denied, 97-2026 (La.11/14/97); 703 So.2d 625.
[3] Id.
[4] Watkins v. Asphalt Assocs., Inc., 96-249 p. 3 (La.App. 3 Cir. 12/4/96); 685 So.2d 393, 395.
[5] Augustus v. St. Mary Parish Sch. Bd., 95-2498 (La.App. 1 Cir. 6/28/96); 676 So.2d 1144.
[6] Watkins, 685 So.2d 393.
[7] Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992).
[8] Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978), writ denied, 374 So.2d 660 (La.1979).
[9] Canter v. Koehring Co., 283 So.2d 716 (La. 1973).
[10] Arceneaux, 365 So.2d 1330.
[11] Lyons v. Bechtel Corp. & AIU N. American, Inc., 00-364, (La.App. 3 Cir. 12/27/00); 788 So.2d 34.