815 So.2d 1011 (2002)
George D. HONEYCUTT, Jr.
v.
ELBERT WALKER CONSTRUCTION.
No. 01-01291.
Court of Appeal of Louisiana, Third Circuit.
February 6, 2002.
*1012 Paul Lemke, III, Attorney At Law, Harrisonburg, LA, Counsel for Defendants/Appellees Elbert Walker, Elbert Walker Construction.
George D. Honeycutt, Jr., Clayton, LA, Plaintiff/Appellant, In Proper Person.
Court composed of NED E. DOUCET, Jr., C.J., HENRY L. YELVERTON, and JIMMIE C. PETERS, Judges.
PETERS, J.
George D. Honeycutt, Jr., appeals the grant of a directed verdict by Workers' Compensation Judge Brenza R. Irving, District 1-E,[1] dismissing his claim for workers' compensation benefits against Elbert Walker, d/b/a Walker Construction (Walker). For the following reasons, we affirm the judgment in all respects.

Assignment of Error Number One
In his first assignment of error, Honeycutt asserts that the workers' compensation judge committed manifest error in granting the directed verdict in favor of Walker. We disagree.
Honeycutt represented himself in the proceedings below and represents himself in this appeal. In his filings with the Office of Workers' Compensation,[2] he asserted *1013 that he became employed as a carpenter by Walker on or about September 1, 2000. The first page of the standard LDOL-WC-1008 form entitled, DISPUTED CLAIM FOR COMPENSATION, provides a blank for the claimant to provide the date of injury or illness giving rise to the claim. Honeycutt filled in the blank by providing a date of injury of November 21, 2000. The second page of the standard form provides a section for the claimant to provide specific information concerning the accident and injury. In completing this section, Honeycutt asserted that the accident occurred at an unknown time and date while he was working on the construction of a log house in Madison Parish, Louisiana. He further stated that he first notified Walker of the accident and injury on November 23, 2000. A separate section on the second page of the report requested information concerning the nature of the dispute then existing between the employer and employee. Honeycutt completed that section by stating that he sought weekly benefits as well as medical treatment for an "Inguinal Hernia Repair" recommended by the E.A. Conway Medical Center in Monroe, Louisiana.
Trial of this matter occurred on May 18, 2001. At trial, Honeycutt testified and introduced three exhibits in support of his claim. Immediately before trial began, Honeycutt advised the workers' compensation judge that he had learned the month before that he needed surgery to repair a "busted" disc in his neck. Therefore, he was requesting benefits for both the hernia and his neck condition.
According to Honeycutt, the accident occurred sometime between one and two weeks before November 21, 2000. He testified that, while he and a coworker were engaged in "jamming logs up into a cylinder," he "heard a loud noise pop in [his] neck." He did not initially report the incident and first sought medical attention on November 21, 2000.
On that date, he presented himself to the emergency room of the E.A. Conway Medical Center with complaints not of neck pain, but of groin pain. The hospital emergency room record, being one of Honeycutt's three exhibits, describes Honeycutt's complaints as that of "lump + pain to [right] groin," which began approximately three weeks before the emergency room visit. The report is silent concerning the etiology of the pain.
Another of Honeycutt's exhibits, the operative report of Dr. Daniel Saad, confirms Honeycutt's testimony that Dr. Saad surgically repaired a right direct inguinal hernia on December 6, 2000, at the E.A. Conway Medical Center. However, the report contains no information concerning any history of how Honeycutt sustained the need for the surgical procedure or the extent or duration of any disability resulting from the surgery. The report simply concludes that Honeycutt "tolerated the procedure well without any complications."
Honeycutt's other exhibit is a note written on a prescription pad from the Huey P. Long Medical Center of Pineville, Louisiana, and purportedly signed by Dr. Allen Butler. The note states that "Mr. & Mrs. Honeycutt are both under care of physicians at Huey P. Long [H]ospital and are both unable to work at this time." Although the note bears a date of "4-26-01," Honeycutt admitted at trial that he himself had provided the date, and not the doctor. The note is silent concerning the nature of Honeycutt's disability.
Louisiana Revised Statute 23:1021(1) defines an accident as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and *1014 directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." An employee in a workers' compensation action must prove a work-related accident by a preponderance of the evidence. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992). The employee's testimony alone may be sufficient to discharge this burden, provided that (1) no other evidence discredits or casts serious doubt upon the employee's version of the incident and (2) the employee's testimony is corroborated by the circumstances following the alleged incident. Id. In determining whether the employee has discharged his burden of proof, the workers' compensation judge should accept as true a witness' uncontradicted testimony, even though the witness is a party, absent circumstances that cast suspicion on the reliability of that testimony. Id. Further, the workers' compensation judge's determinations on whether the employee's testimony was credible and on whether the employee met his burden of proof are factual findings not to be disturbed on appeal absent manifest error. Id.
Disability can be proven by both medical and lay testimony, and the workers' compensation judge must weigh all of the evidence in order to determine whether the employee has met his burden of proof of this element. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993). This also is a factual determination which is subject to a manifest error analysis. Id.
At the close of Honeycutt's evidence presentation, the workers' compensation judge granted Walker's directed verdict and dismissed Honeycutt's action. In doing so, the workers' compensation judge commented that the only evidence concerning Honeycutt's inability to work was found in the prescription pad note from Dr. Butler and that this note was not persuasive because Honeycutt had added the date himself. The workers' compensation judge did not address any questions concerning other elements of proof. We find no manifest error in the workers' compensation judge's conclusion that Honeycutt failed to prove any disability. We further note that Honeycutt failed to prove any element of his claim by a preponderance of the evidence. Thus, we find no merit in his first assignment of error.

Assignment of Error Number Two
In this assignment of error, Honeycutt asserts that during repeated conversations with the workers' compensation judge he was told that he did not need an attorney to present his case. He further asserts that he was told that all he had to do was come to court with his medical records and prove his injury. Specifically, he states in this assignment of error that he was never told that he should get an attorney. The record does not support these assertions.
The only reference in the record to discussions between Honeycutt and the workers' compensation judge relative to Honeycutt's need for legal representation is found in the trial transcript at the beginning of trial. The following exchange occurred between Honeycutt and the workers' compensation judge:

MR. HONEYCUTT: I'm Mr. Honeycutt. I don't have an attorney of record at this time, you know. I felt like the paperwork and doctors' statements would speak as theirself, you know. But if they're bringing all these witnesses in, Your Honor, that don't even have no place hereYou know, I could have done that. I could have brought the whole church here seeing that I've been suffering for the lastsince it's been going on.

*1015 THE COURT: Well, all I need to know right now is you're telling me that you don't have an attorney. Right?

MR. HONEYCUTT: No, ma'am.

THE COURT: All right and I think I told you when we had our scheduling conference on April 24th, 2001, that you did have a right to have an attorney, but if you didn't have an attorney you'll be held to the same rules of evidence as though you were. Do you understand that?

MR. HONEYCUTT: Not at that time I really didn't know that. I knew that they said that I didn't really have to have an attorney at that time, Your Honor.

THE COURT: Who said you didn't really have to have an attorney?

MR. HONEYCUTT: Well, I was told by one of the mediators because she had found in my favor.

THE COURT: Well, you don't have to have an attorney. I'm just letting you know that if you don't have an attorney you'll still have to prove your case.

MR. HONEYCUTT: Oh, okay.
This exchange speaks for itself concerning the workers' compensation judge's comments to Mr. Honeycutt relative to his need for an attorney. We find no merit in this assignment of error.

Assignment of Error Number Three
It is difficult to understand Honeycutt's complaint raised in this assignment of error. The assignment itself reads as follows:
I the plaintiff wrote in court record's telling the judge of bribery + if I would not fight this case by Mr. Walker's employe and not only did Walker's Construction not carry worers compensation, he faild to pay social security or pay taxes for last 8 year's and they protected him!
This assignment addresses issues totally outside the jurisdiction of the Office of Workers' Compensation. Furthermore, even assuming these issues were properly before the workers' compensation judge, Honeycutt presented no evidence concerning the assertions made. We find no merit in this assignment of error.

Assignment of Error Number Four
Honeycutt's final assignment of error constitutes a summary of his prior assignments as well as a plea for judgment in his favor. It is reproduced as follows:
In the judge's error if she would have looked at Mr. Walker's denail letter LDOL-wc-HR14 Mr.Walker denied every thing on the form except that he Mr. Walker paid me a weekly wage. Also by the judge's own word's were that she beleived me. So please send this case back down to be looked at or retrail. I the plaintiff had put my trust in the judge that she would not lead me wrong knowing what I know now the judge should have told me to get an attourney in this case.
My family is suffering because of all the injuste's down to me the plaintiff first by my employer for not carrying worker's compenestion and by the Judge Brenza Irving in her deseption and my ignorence at the time ove all my pain and suffirg.
While we sympathize with Honeycutt's plight, mere sympathy is not sufficient to support a judgment in his favor. Honeycutt's reference to the workers' compensation judge's failure to protect him in the proceedings is out of place and not supported by the record. The record clearly reflects that the workers' compensation judge performed her judicial duties in a professional, fair, and impartial manner. *1016 In doing so, she specifically took Honeycutt's self-representation into account. Simply stated, he did not present sufficient evidence for any trier of fact to determine the merits of his claim. We find no merit in this assignment of error.

DISPOSITION
For the foregoing reasons, we affirm the judgment of the workers' compensation judge dismissing the claim of George D. Honeycutt, Jr., for workers' compensation benefits against Elbert Walker, d/b/a Walker Construction. We tax all cost to George D. Honeycutt, Jr.
AFFIRMED.
NOTES
[1] This information is supplied pursuant to the mandate of La.R.S. 23:1310.5(F). Additionally, although this opinion does not meet the criteria for publication suggested in Uniform RulesCourts of Appeal Rule 2-16.2, it is published pursuant to the mandate of La.R.S. 23:1310.5(F).
[2] Honeycutt actually filed two identical Form 1008's. He filed the first on December 12, 2000, and the second on December 21, 2000.