838 So.2d 907 (2003)
James T. JOHNSON
v.
SUNBELT BUILDERS, INC.
No. 02-0959.
Court of Appeal of Louisiana, Third Circuit.
February 5, 2003.
*908 Kevin Louis Camel, Cox, Cox, Filo and Camel, Lake Charles, LA, for Plaintiff/Appellant: James T. Johnson.
Troy Aaron Broussard, Allen & Gooch, Lafayette, LA, for Defendant/Appellee: Sunbelt Builders, Inc.
Court composed of NED E. DOUCET, JR., Chief Judge, OSWALD A. DECUIR and MARC T. AMY, Judges.
AMY, Judge.
Workers' compensation claimant filed a disputed claim for compensation. The defendant filed a motion for summary judgment, and the court granted that motion. For the following reasons, we affirm.

Factual and Procedural Background
This case arises out of an alleged work-related injury in Leesville, Louisiana. The claimant, James T. Johnson, filed a disputed claim with the Office of Workers' Compensation on September 14, 2001. This claim lists Sunbelt Builders, Inc. as his employer and Ohio Casualty Group as the insurer of Sunbelt Builders, Inc. According to this claim, the claimant injured his mid and lower back while lifting a commercial, industrial grill on February 16, 2001. On January 14, 2002, the defendant filed a motion for summary judgment alleging that there was no genuine issue of material fact as to whether the claimant suffered from any disability. The claimant responded by filing a memorandum in opposition to the motion for summary judgment. But, the claimant did not file any affidavits, depositions, answers to interrogatories, or admissions on file to support his argument. At the contradictory hearing which was held on March 20, 2002, the claimant again stated that he did not have any offerings for the trial court to consider. Yet, on June 13, 2002, the claimant filed a Motion to Supplement the Record with a report from Dr. David Steiner. Review of the record indicates that the claimant's counsel never mentioned this report or examination during the summary judgment hearing. The trial court denied the claimant's motion to supplement the record and granted the defendant's motion for summary judgment. The claimant now appeals, alleging the following assignments of error:
1. The hearing officer erred in finding that the defendants' met their burden of proving the absence of a material issue of fact, given that Mr. Johnson's testimony directly contradicts the insubstantial evidence submitted by Ohio Casualty.

*909 2. The hearing officer erred in failing to consider Dr. David Steiner's narrative report in connection with defendants' motion for summary judgment.

Discussion

Standard of Review
The standard of review for a motion for summary judgment is de novo. Goins v. Wal-Mart Stores, Inc., 01-1136 (La.11/28/01); 800 So.2d 783. In other words, the appellate court will use the same criteria that govern the trial court's consideration and determine whether summary judgment is appropriate. Id. La. Code Civ.P. art. 966 provides, in part:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed.... The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memoranda in support thereof shall be served pursuant to Article 1313 at least four days prior to the date of the hearing unless there are local rules of court to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to a judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Interpreting La.Code Civ.P. art. 966(C)(2), a panel of this court stated:
Under the amended statute, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, under Art. 966(C), once the mover had made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of *910 a material factual dispute mandates the granting of the motion.
Hayes v. Autin, 96-287, p. 6 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41. Thus, we must determine: (1) whether the defendant has met its initial burden by showing that no genuine issue of material fact exists and that the defendant is entitled to a judgment as a matter of law; and, if so, (2) whether the claimant failed to produce evidence of a material factual dispute.

Disability
In addition to an injury arising out of the course and scope of employment, a worker's compensation claimant must show that the claimant's alleged injury requires medical treatment or renders the claimant disabled. Stein Mart v. Prejean, 01-718 (La.App. 3 Cir. 10/31/01); 798 So.2d 1230. "Disability can be proven by both medical and lay testimony, and the workers' compensation judge must weigh all of the evidence in order to determine whether the employee has met his burden of proof of this element." Honeycutt v. Elbert Walker Construction, 01-1291, p. 4 (La.App. 3 Cir. 2/6/02); 815 So.2d 1011, 1014. Yet, the claimant will be required to introduce some objective medical evidence to support a finding of disability. Comeaux v. Sam Broussard Trucking, 94-1631 (La.App. 3 Cir. 5/31/95); 657 So.2d 449.
The defendant's motion for summary judgment alleges that there is no genuine issue of material fact as to whether the claimant suffered from any disability. Specifically, the defendant argues that there is no medical evidence to support a finding of a disability. The defendant further asserts that the claimant's choice of physician opined that the claimant was capable of returning to work without restrictions. To support its motion for summary judgment, the defendant submitted several exhibits.
First, Exhibit A is the deposition of the claimant. It provides that the claimant began to receive disability benefits from the workers' compensation carrier after the accident. The claimant also stated that he initially received treatment from Dr. Mong. Thereafter, Dr. Mong referred the claimant to an orthopedic specialist, Dr. DeLapp. Once the workers' compensation carrier requested a second medical opinion, the claimant said that he was sent to see Dr. Austin Gleason in Shreveport, Louisiana.
Dr. Gleason recommended a different treatment plan than Dr. DeLapp. As a result, the claimant stated that he told his medical case manager, Diane Paulke, that he "was willing to try his methods to see if maybe he could find out what was wrong or diagnose the problem." The claimant stated that, despite his continued complaints of back pain, Dr. Gleason released him to full duty employment on August 14, 2001. Consequently, the workers' compensation carrier discontinued disability benefits at that time.
The claimant further stated that, after his disputed claim for compensation was filed, he returned to Dr. Gleason in an attempt to cooperate with the defendant on November 28, 2001. The claimant told Dr. Gleason that his condition was unchanged from the time of the accident and that he was still experiencing severe back pain. Due to this severe pain, the claimant stated that he could not work. Nevertheless, the claimant stated that Dr. Gleason again ordered him to return to work.
Second, Exhibit B is the affidavit of Diane Paulke. It provides that Ms. Paulke was the claimant's medical case manager. The affidavit additionally provides that, after the initial appointment *911 with Dr. Gleason, the claimant indicated that he would prefer to continue treatment with Dr. Gleason.
Lastly, the defendant contends that Exhibits C and D stand as uncontroverted medical evidence from the claimant's choice of physician, Dr. Austin Gleason, that the claimant does not suffer from any disability. Exhibit C appears to be a handwritten note on a prescription pad from Dr. Gleason's medical office, Orthopedic Specialist of Louisiana, for James Johnson to return to "full duty" work on "8/14/01." Exhibit D is a document also from Dr. Gleason's medical office and is entitled "Return-To-Work Report." This document is dated "11/28/01" and simply provides a handwritten check by the following printed sentence: "Recommended patient return to work with no Limitations [sic]." The defendant argues that these two submissions show that the claimant's choice of physician opined on two occasions that the defendant did not suffer from any disability. After reviewing the defendant's submissions in support of the motion for summary judgment, we agree with the trial court's conclusion that the defendant met its initial burden.
Consequently, the burden shifted to the claimant to present evidence of a material factual dispute. The claimant did not submit any offerings in opposition at the summary judgment hearing; nor did the claimant request additional time to respond. Our review of the record further indicates that the claimant's counsel never mentioned Dr. Steiner's report during the summary judgment hearing. Nevertheless, the claimant attempted to supplement the record with Dr. Steiner's report several days after the hearing. Under these facts and circumstances, the claimant's motion to supplement the record was properly denied by the trial court, and this court will not consider items that were not introduced into evidence in opposition to the motion for summary judgment. See La. Code Civ.P. art. 966(B); Louisiana Onshore Properties, Inc. v. Manti Resources, Inc., 99-1088 (La.App. 3 Cir. 12/29/99); 755 So.2d 988. Further, in light of the fact that the claimant did not introduce any evidentiary items in opposition to the motion for summary judgment, we find that the trial court correctly granted the defendant's motion for summary judgment.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assigned to the claimant-appellant, James T. Johnson.
AFFIRMED.