| PEATROSS, J.
This appeal arises from a summary judgment granted by the trial court in favor of Defendant, State Farm Insurance *296 Company (“State Farm”), and against Plaintiff, Louisiana Claims Adjustment Bureau, Inc. (“LCAB”). LCAB now appeals the judgment of the trial court. For the reasons stated herein, we affirm.
FACTS
LCAB is a business that acts on behalf of individuals as a “third party adjuster” in the negotiation of personal injury claims with insurance companies. Specifically, LCAB acts as an attorney-in-fact and legal representative for individuals under an agreement of mandate, representing those individuals seeking assistance in the adjustment of their personal injury claims. The “Act of Mandate” gives LCAB the full power and authority to act for, in the name of and on behalf of the client and it allows LCAB to do all acts necessary or deemed appropriate to “adjust, negotiate, and collect” any and all of its clients’ claims arising out of a motor vehicle accident. LCAB refers clients for medical treatment, sends letters of representation and demand letters, gathers information on accidents, collects medical records and performs legal research to determine the value of claims. In consideration for its services, LCAB retains a 25 percent interest in any and all amounts recovered for its clients. No employee of LCAB is a licensed attorney in Louisiana or elsewhere.
Shortly after beginning operations, LCAB attempted to represent certain individuals who had claims against individuals insured by State Farm. State Farm alleged that LCAB was committing the unauthorized 12practice of law in representing these individuals and it refused to discuss the settlement of their claims. In addition, State Farm advised LCAB clients that LCAB was engaging in the unauthorized practice of law and that it would not discuss their claims further until they had terminated their business relationship with LCAB.
Subsequently, LCAB filed suit against State Farm, seeking damages for defamation and intentional interference with a business relationship. State Farm filed a motion for summary judgment, asserting its defense that its allegations against LCAB were true and that it could not have interfered with LCAB’s contracts with claimants because they were illegal contracts, violating the statutes prohibiting the unauthorized practice of law. The trial court agreed with State Farm’s assertions, including the assertion that LCAB’s contracts were illegal and, therefore, null and void. Granting State Farm’s motion for summary judgment, the trial court found that there was no genuine issue of material fact in dispute. LCAB now appeals, raising the following assignments of error (verbatim):
1. The trial court erred in finding that the Mandate issued to appellant called for the unauthorized practice of law, and, as such absolutely null and void;
2. The trial court erred in holding that the agreement to act as an insurance adjuster and to perform all acts customarily performed by insurance adjusters on behalf of a claimant “amounts to the unauthorized practice of law, and, accordingly the Act of Mandate null and void;
3. The trial court erred in finding that the statements made by representatives of State Farm that appellant was engaging in the authorized practice of law were true, notwithstanding the submission of significant competing and contradictory evidence;
4. The trial court erred in finding (by inference) that there was no genuine issue of material fact relative to *297 State Farm’s claims of affirmative defenses to appellant’s |acauses of action for defamation and for intentional interference with business relationships; and
5. The trial court erred in granting the appellee’s Motion for Partial[1] Summary Judgment.
DISCUSSION
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action and the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,-555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
The initial burden of proof in summary judgment remains with the mover to show that no genuine issue of material fact exists. Johnson v. Sunbelt Builders, Inc., 02-0959 (La.App. 3d Cir.2/5/03), 838 So.2d 907. Under La. C.C.P. art. 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Id.

14Defamation Claim

In the case sub judice, State Farm argues that there is no genuine issue of material fact in this case and the trial court judgment giving it judgment as a matter of law should be affirmed. We agree.
Representatives of State Farm allegedly accused LCAB of the unauthorized practice of law. LCAB filed this action claiming that this alleged accusation defamed it and its business. It is well settled that truth is an absolute defense to an action for defamation. Bell v. Rogers, 29,757 (La.App.2d Cir.8/20/97), 698 So.2d 749; Wyatt v. Elcom of Louisiana, Inc., 34,786 (La.App.2d Cir.6/22/01), 792 So.2d 832.
La. R.S. 37:212(A)(2) provides:
The practice of law means and includes: For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect;
(a) The advising or counseling of another as to secular law;
(b) In behalf of another, the drawing or procuring, or the assisting in the drawing or procuring of a paper, document, or instrument affecting or relating to secular rights;
(c) The doing of any act, in behalf of another, tending to obtain or secure for the other the prevention or the redress of a wrong or the enforcement or establishment of a right; or
(d) Certifying or giving opinions as to title to immovable property or any interest therein or as to the rank or priority or validity of a lien, privilege or mortgage as well as the preparation of acts of sale, mortgages, credit sales or any *298 acts or other documents passing titles to or encumbering immovable property.
Further, La. R.S. 37:213(A) provides:
No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 8 of Title 12 of the Revised Statutes, and no partnership or 1 filimited liability company except one formed for the practice of law and composed of such natural persons, corporations, voluntary associations, or limited liability companies, all of whom are duly and regularly licensed and admitted to the practice of law, shall:
(1) Practice law.
(2) Furnish attorneys or counsel or an attorney and counsel to render legal services.
(3) Hold himself or itself out to the public as being entitled to practice law.
(4) Render or furnish legal services or advice.
(5) Assume to be an attorney at law or counselor at law.
(6) Assume, use, or advertise the title of lawyer, attorney, counselor, advocate or equivalent terms in any language, or any phrase concerning any of these titles in such manner as to convey the impression that he is a practitioner of law.
(7) In any .manner advertise that he, either alone or together with any other person, has, owns, conducts, or maintains an office of any kind for the practice of law.
State Farm contends that it is true that LCAB was engaging in the unauthorized practice of law; and, therefore, what its representatives allegedly stated was true and an absolute defense to LCAB’s defamation claim. We agree.
In her deposition, Renee Yurg-Lies-mann, an employee for LCAB, testified that it was LCAB’s goal to act on its clients’ behalf to assist in the settlement of their claims. LCAB would enter into contingency contracts to negotiate client claims for 25 percent of the recovery. A representative of LCAB would act as an adjustor to act for, and in the name of and on behalf of its claimants, to do all acts deemed by the adjustor to be appropriate to investigate, document, adjust, negotiate and collect claimants’ respective claims arising out of a motor vehicle accident. Further, a representative of LCAB would evaluate claims, researching the law, and then explain to the client what they thought the injury was worth. The representative would 1 fithen begin the process of negotiating the settlement by sending out a demand letter, outlining liability and special and general damages. After the letter was sent, the LCAB representative would follow-up with further negotiations and threatening litigation when necessary. If it was necessary to refer a claim to an attorney, the Act of Mandate allowed LCAB to retain a 10 percent interest in the claim.
In Louisiana State Bar Association v. Edwins, 540 So.2d 294 (La.1989), reconsideration denied, 550 So.2d 619 (La.1989), the supreme court held that:
The prohibition against the practice of law by a layman is grounded in the need of the public for integrity and competence of those who undertake to render legal services. Competent professional judgment is the product of trained familiarity with law and legal processes, a disciplined, analytical approach to legal problems, and a firm ethical commitment. A non-lawyer who undertakes to handle legal matters is not governed as to integrity or legal competence by the *299 same rules that govern the conduct of a lawyer....
Functionally, the practice of law relates to the rendition of services for others that call for the professional judgment of a lawyer. The essence of professional judgment of the lawyer is his educated ability to relate the general body and philosophy of law to a specific legal problem of a client; and, thus, the public interest will be better served if only lawyers are permitted to act in matters involving profession judgment.
The statutes dealing with the unauthorized practice of law were established to protect the public.
This court has previously held that, when a person who is not an attorney represents another in the negotiation and settlement of a personal injury claim for consideration, pursuant to a contingency fee contract, that person has engaged in the unauthorized practice of law. Duncan v. Gordon, 476 So.2d 896 (La.App. 2d Cir.1985). It is the unauthorized practice of law because the person must advise the client of issues concerning the redress of a legal wrong. Id. In order to dispense the kind of legal advice to its clients necessary in this case, the representatives of LCAB would have had to perform the functions of a licensed attorney. Only a licensed attorney would be able to verify whether or not a case would have merit, and, yet, the representatives of LCAB acted on behalf of their clients as if they had the knowledge necessary to make that determination. Evaluating a claim and determining whether it has merit or is, instead, frivolous must be done by a licensed attorney. Without a licensed attorney on staff making this determination, LCAB was committing the unauthorized practice of law when its representatives evaluated client claims and advised clients of their causes of action against others. LCAB representatives attempted to function as, and perform the duties of, a duly licensed attorney. LCAB’s use of several codal articles to support its claims that it can participate in the activities found in the “Act of Mandate” is unpersuasive based on the irrelevance of these statutes to the instant case. We find that State Farm’s alleged assertions of LCAB’s unauthorized practice of law were true and an absolute defense to LCAB’s claim of defamation; and, therefore, we pretermit discussion of any issues related to privilege.

Intentional Interference tvith Business Relations

In order to show that a defendant intentionally interfered with a business relationship between a plaintiff and a third party, it must be shown that a contract existed between the plaintiff and the third party. See 9 to 5 Tashions, Inc. v. Spurney, 538 So.2d 228 (La.1989). If a contract did not exist, then there can be no cause of action for intentional interference.
A null contract is deemed never to have existed. A contract is null if the requirements for its formation were not met. A contract is an absolute nullity if it violates a rule of public order. La. C.C. art.2030. An absolutely null contract cannot be confirmed.
State Farm argues that it could not have interfered with the contract between LCAB and its clients because no contract existed since the contract was based on LCAB representative’s unauthorized practice of law. We agree. One sister court in our state has previously held that contracts involving the unauthorized practice of law are absolutely null. See Meunier v. Bernich, 170 So. 567 (La.App.Orleans 1936). We likewise find that a contract of employment for a person who is not a licensed attorney, who *300 agrees to perform legal services without being authorized by law to do so, is against public policy; and, consequently, the contract is absolutely null. Moreover, we note that State Farm was attempting to protect a legitimate business interest when it notified LCAB’s clients of its refusal to deal with LCAB and, therefore, is protected and LCAB is prevented from recovering for intentional interference with business relationships. See McCoin v. McGehee, 498 So.2d 272 (La.App. 1st Cir. 1986). All of LCAB’s assignments of error are without merit.
| flCONCLUSION
For the foregoing reasons, the judgment of the trial court granting State Farm Insurance Company’s motion for summary judgment is affirmed. Costs of this appeal are assessed to Plaintiff, Louisiana Claims Adjustment Bureau, Inc.
AFFIRMED.

. This motion for partial summary judgment later became a full motion for summary judgment.