UAB HOSPITAL, Plaintiff-Appellee
v.
WALLEY L. HERMAN, Defendant-Appellant.
No. 42,711-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
RAYMOND LEE CANNON, Counsel for Appellant.
EDWARD F. BUKATY, III, WARREN W. WINGERTER, JR., Counsel for Appellee.
Before CARAWAY, DREW and MOORE, JJ.
MOORE, J.
This is an appeal from a summary judgment in favor of the plaintiff, UAB Hospital, against Ms. Walley L. Herman for the sum of $28,452.04 plus legal interest from the date of demand and twenty-five percent attorney fees. The judgment is for payment of medical services rendered to Ms. Herman by the plaintiff. After the judgment was rendered, Ms. Herman moved for a new trial, which the trial court denied. She now appeals alleging that the trial court erred in granting the plaintiff's motion for summary judgment and denying her motion for new trial. After review, we reverse and remand to the district court.

Facts
On June 25, 2004, UAB Hospital ("UAB") filed a petition on open account against Walley L. Herman ("defendant"), alleging that the defendant is indebted to UAB for $28,452.04 for medical charges, all of which were itemized and set forth in a statement of account attached to the petition. UAB is an abbreviation for the University of Alabama at Birmingham. UAB alleged it is a corporation authorized to do business in Louisiana, and the defendant is domiciled in Tallulah, Louisiana. Also attached to the petition is a notarized affidavit executed by Paul Burchfiel, the Director of Patient Services for UAB.
The defendant entered a general denial on a printed form, apparently from the clerk of court's office, dated July 15, 2004.
Two weeks later, on July 30, 2004, UAB moved for summary judgment with a memorandum, the Burchfiel affidavit, and a statement of account detailing the specific charges for the medications and services administered to the defendant.
A hearing was held on November 4, 2004. At the hearing Ms. Herman, appearing in propria persona, attempted for the first time to submit into evidence a document purporting to show that her UAB account balance was zero. The trial court ruled that the document was inadmissible and advised the defendant to hire an attorney if she wanted to request relief. Based on the strength of the papers submitted by the plaintiff, the trial court granted summary judgment in favor of UAB.
On November 16, 2004, Ms. Herman, now represented by counsel, filed a motion for new trial alleging that the trial court erred in refusing to admit the evidence submitted by Ms. Herman at the motion hearing and also argued that the Burchfiel affidavit submitted by UAB was deficient because it was undated. Ms. Herman attached to her motion for new trial the document she had previously attempted to enter into evidence at the hearing on the motion for summary judgment.
In opposition to the motion for new trial, UAB submitted an affidavit by Paul Burchfiel explaining that the document submitted by Ms. Herman and attached to her motion was not an indication that the account was paid; rather, was an accounting adjustment "charging off" the debt as a bad debt.
The trial court denied Ms. Herman's motion, and this appeal followed.

Discussion
Ms. Herman alleges that the trial court erred in granting UAB's motion for summary judgment and in denying her motion for a new trial. The grounds for the alleged error in granting the motion for summary judgment are the district court's refusal at the summary judgment hearing to accept into evidence a document purporting to show that Ms. Herman's account was "zeroed out." The grounds for the alleged error by the district court in denying the motion for new trial are that UAB's affidavit is undated, that the document submitted by Ms. Herman shows a zero balance on the account and Ms. Herman was not given a reasonable opportunity for discovery on the alleged issue that UAB prosecuted collections against the indigent uninsured more vigorously than insured or wealthy customers such that due process requirements were violated.

The Summary Judgment
Any party may move for summary judgment in his favor for all or part of the relief for which he has prayed. La. C.C.P. art. 966(A)(1). The plaintiff's motion may be made at any time after answer has been filed and may be supported with affidavits. La. C.C.P. art. 966(A)(1). The motion and supporting affidavits shall be served at least 15 days before the time specified for the hearing. La. C.C.P. art. 966(B). The adverse party may serve opposing affidavits, and if such affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served at least 8 days prior to the date of the hearing on the motion. Id. The affidavits made either in support of or in opposition to a motion for summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967.
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So. 2d 342 (La.1991). The burden of proof in summary judgment remains with the mover to show that no genuine issue of material fact exists. Mid-South Analytical Labs, Inc. v. Jones, Odom, Spruill & Davis, LLP, 40,089 (La. App. 2 Cir. 9/23/05), 912 So. 2d 101, writ denied, 2005-2487 (La. 4/17/06), 926 So. 2d 513; Johnson v. Sunbelt Builders, Inc., 02-0959 (La. App. 3 Cir. 2/5/03), 838 So. 2d 907. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
The statutory basis for the plaintiff's suit on open account is La. R.S. 9:2781. The provisions of the statute pertinent to this case read:
A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

* * *
C. If the demand is made by citation and service of a petition, the person shall be entitled to pay the account without attorney fees by delivering payment to the claimant or the claimant's attorney within ten days after service of the petition in city courts and fifteen days after service of the petition in all other courts.
D. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.
In this instance, written demand for the amount Ms. Herman allegedly owes UAB was accomplished when UAB filed the petition on June 25, 2004 and served the defendant. On July 15, 2004, the plaintiff submitted its motion for summary judgment along with an account statement as evidence of the charges incurred by the defendant for medical services and the Burchfiel affidavit attesting to the accuracy of the amount. Ms. Herman was served with these documents and a hearing on the motion was initially set for September 23, 2004. By agreement of the parties, the hearing was re-set for November 4, 2004.
There is no transcript of the hearing on the motion for summary judgment; however, the matters of record reveal that the defendant attempted to generate a material issue of fact as to whether she owed the debt by seeking to introduce a paper (hereinafter "page 3") showing that the balance of her account was zero. The court minutes reflect that plaintiff argued that the paper proffered by Ms. Herman should not be admitted because of "timing." The court minutes do not reflect why the court would not allow the document into evidence, but they also indicate that the court advised Ms. Herman to obtain an attorney and file the papers for relief. It then granted UAB's motion for summary judgment.
The statement of account submitted by UAB consisted of a two-page document (" pages 1 and 2") entitled "University of Alabama at Birmingham"/"University of Alabama Hospital at Birmingham"/"Patient Statement of Account  Detail. It is dated June 8, 2004, and the patient named is Walley L. Herman. The billing period is from February 13, 2003 until June 8, 2004. The itemized charges on pages 1 and 2 indicate that UAB's medical services ended on February 14, 2003, with five accounting entries made thereafter. The last medical service charge is $142.53 for an "ECG 12 Lead Tracing." There is no subtotal of these charges nor is there a total entered on the statement following this last charge. Following the last medical charge, however, are a series of additions and subtractions in the amount of $28,452.04 beginning with a negative entry dated June 23, 2003 of "$28,452.04_", followed by an entry dated November 25, 2003 for $28,452.04, again followed on that same date by the negative of that same amount. These "plus" and "minus" entries of $28,452.04 are repeated again on June 3, 2004, five days prior to suit being filed in this case.
There is no final balance on pages 1 and 2 of the "Patient Statement of Account." Furthermore, when we add all the charges and accounting entries on the statement, the balance on the account is zero, not $28,452.04. Hence, based on the evidence attached to the motion for summary judgment, the balance calculated from the accounting statement is zero, and it does not match the amount attested to by Mr. Burchfiel in his affidavit attesting to the accuracy of the statement attached to the petition and motion.
We also observe that the "page 3" that Ms. Herman attempted to submit into evidence to counter UAB's affidavit in this case appears to have been generated by UAB on the same account although the amount of the charges and charge-off is exactly double the $28,452.04. The statement of account shows charges of $56,904.08 followed by a credit of the same amount. The statement states that the current account balance is zero.
Summary judgment motion procedure requires that supporting affidavits in a motion for summary judgment be served at least 15 days prior to the hearing on the motion and opposing affidavits, if any, must be served at least 8 days prior to the hearing on the motion. La. C.C.P. art. 966(B). We therefore conclude that the trial court correctly refused to admit "page 3" into evidence.
In opposition to Ms. Herman's motion for a new trial, Paul Burchfiel executed a second affidavit in which he attests that the zero balance on page 3 is the result of an accounting internal adjustment to show the "charge off" status in the billing department. He attests that Ms. Herman still owes $28,452.04. There is no mention of the adjustments on page 2 submitted in support of the summary judgment that, when added, also result in a zero balance.
Because the evidence submitted by the plaintiff in the form of pages 1 and 2 of the statement of account results in a balance of zero, contrary to the amount alleged in the petition and affidavit, we reverse the trial court's grant of the motion for summary judgment and remand this case back to district court. Accordingly, it is unnecessary to review the trial court's judgment on the motion for new trial.
Costs of this appeal are assessed against UAB.
REVERSED AND REMANDED.